# Boulo v. The State.

*Indictment for Vagrancy.*

1. *Motion to quash indictment.* — Although an indictment may be insufficient, the court is not bound to quash it on motion, but may put the defendant to his demurrer.

2. *Vagrancy; sufficiency of indictment.* — An indictment for vagrancy (Rev. Code, § 3630), which charges that the defendant, " having a family, did abandon his family, and left and leaves them in danger of becoming a burden to the public," is insufficient; it should also charge his ability to contribute to their support by his means, or, being an able-bodied person, by his industry.

[Boulo v. State.]

3. *Same; constituents of offence.* — Neither a mere refusal by a man to live with his wife, nor a failure to contribute to her support, renders him liable to an indictment for vagrancy; but personal dislike is no legal cause for such refusal on his part.

FROM the City Court of Mobile.

Tried before the Hon. C. F. MOULTON.

The indictment in this case was in these words: "The grand jury of said county charge that, before the finding of this indictment, Philip J. Boulo, having a family, did abandon his family, and left and leaves them in danger of becoming a burden to the public; against the peace," &c. The defendant moved to quash the indictment, as the bill of exceptions states, "on the ground that section 3638 of the Revised Code, upon which said indictment is founded, is unconstitutional; which motion was overruled by the court, and the defendant excepted."

"On the trial," as the bill of exceptions further states, "the State introduced John Wolfe as a witness, who testified that he was the father of the defendant's wife; that said defendant had resided in this State many years, but he and his wife have never lived together in this State; that his family consists of his wife and one child about eleven months old; that Mrs. Boulo lives with him (witness); that he called on the defendant, by her direction, soon after she came to live with him, and told him that his wife was sick, and that he must come and take her, and take care of her; that the defendant refused, and still refuses, and has abandoned his family; that he has never contributed to the support of his family in this State, to witness's knowledge, and leaves them in danger of becoming a burden upon the public. The witness said, on cross-examination, that said defendant and his wife were married in Missouri, some twelve or fourteen months ago. The defendant, by his counsel, asked said witness ' If he did not know that the defendant refused to live with his wife because of a disagreement between them?' The court sustained an objection to this question by the State, and the defendant excepted. The State having here closed its case, the defendant then introduced as a witness Paul A. Boulo, who testified that he was a brother of the said defendant, and was in partnership with him in the mercantile business, in the city of Mobile; that said defendant, a short time before his said marriage, sold his interest in said business to witness, for ten thousand dollars; that he is industrious, and is employed by him, and earns wages.

"The defendant here closed his case, and the same was submitted to the jury, under the charge of the court. The defendant asked the following charges in writing: ' 1. That a mere refusal on the part of a man to live with his wife is not such an abandonment as is contemplated by the statute.

2. That a refusal on the part of the defendant to live with his wife, and a failure to contribute to her support, is not such a case as is contemplated by the statute. 3. That if the jury find that the defendant's refusal to live with his wife arises from personal dislike, or other cause of like nature, and that he has not abandoned her out of a vagabondish spirit, then they must find him not guilty, even though he fails to give her any support. 4. The court further charges the jury that the defendant is liable for the support of his family, and that, unless they find that he is living such a vagabondish life as to make him unable to pay such liabilities as may devolve upon him, for the support of his family, then they must find him not guilty, even though they should find that he has refused to live with them, and has failed to pay anything towards their support. 5. The court charges the jury, also, that if the defendant is living an economical and industrious life, and earns wages, then he is not guilty. 6. The court further charges the jury that if they believe, from the evidence, that the defendant is an industrious man, and earns wages, then the law furnishes the means to compel him to pay for the support of his family, and they must find him not guilty.' Which said instructions were refused by the court; to which refusal defendant excepted."

The bill of exceptions does not show that any charges were given by the court. The peculiar phraseology of the fourth, fifth, and sixth charges asked and refused seems to have led the Chief Justice to suppose that those charges were given by the court without exception.

No attorney's name is marked on the docket, as counsel for the prisoner.

BEN. GARDNER, Attorney General, for the State.

BECK, C. J. — There was no error in overruling the motion to quash the indictment. The court was not bound to entertain said motion, but might put the defendant to his demurrer. We think, however, that the indictment is insufficient. It should have found the ability of the defendant to contribute to the support of his family, by his means, or, being an able-bodied person, by his industry.

The first and second charges asked by the defendant should have been given. Clearly, a man may refuse to live with his wife, and yet not be a vagrant within the meaning of the statute. Rev. Code, § 3630. So he may refuse to live with his wife, and also fail to contribute to her support, and yet not be liable to an indictment under said section. His failure to contribute to her support may be caused by his inability to do so; in which

[Pairo *v*. State.]

case he would be guilty of no one of the offences named in said section. The third charge, however, was properly· refused. Personal dislike is no legal cause for a man to refuse to live with his wife. The charges given by the court do not seem to have been excepted to; but even if they had been, the defendant would have no reason to complain. They are quite as favorable to him as the law and the evidence would admit.

For the error in refusing the first and second charges asked, the judgment is reversed, and the cause remanded for further proceedings, with leave to the defendant, if so advised, to withdraw his plea of not guilty, and demur to the indictment.