[McCalman v. The State.]

# cCalman *v.* The State.

*Indictment for Gaming.*

1. *Failure to object to question calling for illegal evidence.*—Where no objection is interposed to an illegal question, and the answer is responsive, the party against whom it is offered cannot then object to the answer, though it is illegal or irrelevant testimony.

2. *Gaming at a tavern, or inn.*—On a trial of on indictment for gaming, where the uncontradicted evidence shows that the room in which the gaming occurred was a room of a tavern or inn, within the meaning of the statute (Code, § 4052), it is immaterial whether or not it was a private bed-room.

3. *A question calling for the mere opinion or conclusion of the witness* is objectionable.

APPEAL from the Circuit Court of Cherokee.

Tried before the HON. JOHN B. TALLY.

The testimony of the witness Bell, which is referred to in the opinion, was uncontradicted. On the evidence adduced, the court, at the request of the solicitor, gave the following written charge: "If the jury believe evidence, they will find the defendant guilty as charged in the indictment." The defendant duly excepted to the giving of this charge.

J. L. BURNETT, for the appellant.

WM. L. MARTIN, Attorney-General, for the State.

COLEMAN, J.—The defendant was tried and convicted of the offense of gaming. The indictment follows the form prescribed by the Code. The statute prohibits the playing "at any game with cards or dice, or any device or substitute therefor, at any tavern, inn, storehouse for selling or retailing spirituous, vinous or malt liquors, or a place where spirituous, vinous or malt liquors are retailed, sold or given away, or in a public house, highway, or any other public place." Code, § 4052. The proof showed that one Winters was the proprietor of the house in which the playing at cards occurred. The bill of exceptions states that, "in response to a question by the State," the witness testified that from the time Winters moved there, to July, 1889, "he (Winters) gave me a drink of whiskey several times."

[McCalman v. The State.]

The defendant objected to this statement, and moved to exclude it, but the court overruled the motion. As the card-playing took place long after this period, we think the testimony was illegal and irrelevant, and the error would work a reversal, but for another principle of law. The bill of exceptions states that the evidence was in response to a question of the State. There seems to have been no objection to the question, and a party cannot speculate as to what the answer of a witness may be to an improper question. If the answer is not responsive, he may move to exclude it; but where the question is illegal, and no objection is interposed, and the answer is responsive, the party against whom it is offered can not, after it is answered, then object. The law will not permit him to wait until the witness answers, and if favorable get the benefit of it, and if prejudicial, move to exclude it.

The court sustained an objection to the following question asked a witness by the defendant: "Was'nt the room spoken of by Bell (a witness previously examined) just a private bed-room?" This question is objectionable, as calling for a mere opinion or conclusion of the witness. The ruling of the court can be placed also upon other grounds. The witness Bell referred to, and other witnesses, and also the evidence of the witness himself, clearly established, and without contradiction, that the house kept by Winters was a tavern, or inn, within the meaning of the statute; and the evidence shows further, without contradiction, that the room in which the playing took place was a part of the house, and was used in connection with the business—*Russell v. State*, 72 Ala. 223; 11 Amer. & Eng. Encyc. of Law, p. 6, and note. The witness Bell testified that he, with others, who were mere temporary guests, slept in that room that night, and while in the room, and sitting on the bed, saw Winters, the proprietor, and the defendant playing cards. This witness further testified: "I know playing cards, I took them to be ordinary playing-cards."

The fact that this witness also said he did not know the different cards, and that they might have been "Author cards," can exert no influence in the case. He testified he was in the room with them, and saw them playing cards. Under the evidence, the court was authorized to give the general affirmative charge, that if the jury believed the evidence they must find the defendant guilty. The following authorities fully sustain the trial court: *Russell v. State*, 72 Ala. 223; *Cochran v. State*, 30 Ala. 547; *Moore v. State*, 30 Ala. 550; *Cloud v. State*, 6 Ala. 629; Webster's Unabridged Dictionary, defining *Tavern*, and *Inn*.

[Ward v. The State.]

It is unnecessary to consider the charges requested by defendant. These were properly refused, if the court was justified in giving the general charge.

Affirmed.