# Traylor *et al. v.* The State.

*Prosecution for Vagrancy.*

1. *Vagrancy; complaint under Code 1886, § 4047.*—A complaint based on section *4047* of the Code of 1886, which charges the offense in the language of the statute is sufficient without averring that the defendant is able-bodied or physically able to engage in some employment for support; (Boulo's case 49 Ala. 22, criticised.)

2. *Pleading—indictment in the language of a statute.*—The general rule is that when a statute creates an offense. and prescribes its constituents, it is sufficient in an indictment or complaint to pursue the language of the statute.

3. *Illegal evidence unobjected to.*—Where a witness is asked and answers·an improper question without objection, it is not error for the court to refuse to exclude such answer on motion of the opposite party.

APPEAL from Pike Criminal Court.

Tried before the Hon. W. H. PARKS.

The defendants were arrested on separate affidavits and warrants charging that the defendant "having no visible

[Traylor et al. v. The State.]

means of support, or being dependent on his own labor, living without employment," and by consent the two cases were tried together. The defendants demurred to the *warrants* on the ground that they failed to allege that the defendants were able-bodied, or physically able to follow some employment for support, which demurrer was overruled by the court. On the trial the solicitor asked one of the State's witnesses if they, the defendants, told her fortune, to which she replied that they did, and the witness further stated what the defendants said to her on that subject. The defendants, without having objected to this testimony, afterwards moved to exclude it from the jury, which motion the court denied, and to this ruling the defendants excepted.

Wm. L. Martin, Attorney-General, for the State.

COLEMAN, J.—The defendants were convicted of vagrancy. The court overruled a demurrer to the complaint, and also overruled the motion of the defendant to exclude certain testimony. These are the two questions presented by the record for our consideration. That portion of section 4047 of the Code, under which the defendants were prosecuted reads as follows : "Any person, who, having no visible means of support, or being dependent on his labor, lives without employment, or habitually neglects his employment · · must on conviction, for the first offense be fined," &c. The complaint follows the statute, charging that affiant "has probable cause for believing and does believe that within twelve months before making this affidavit in said county Jerre Traylor, having no visible means of support, or being dependent on his labor lives without employment, against the peace and dignity of the State of Alabama," &c. The demurrer is "that said warrant fails to allege substantially that the defendants were able-bodied, or physically able to follow some employment for support." The facts stated as ground for demurrer might constitute a defense to the prosecution, but certainly it is not necessary to aver these in the complaint. The general rule is that when a statute creates an offense, prescribing its constituents, it is sufficient in an indictment to pursue the language of the statute.— *Grattan v. State*, 71 Ala. 344; *Danner v. State*, 54 Ala. 127, and many others cited in note to section 4370 of the Code. The complaint conforms to this rule, and the facts averred in the demurrer are merely such as might be offered in defense.

We think the principle declared in *Boulo's* case, 49 Ala.

[Prince v. The State.]

22 not in conformity with the general rule, and its adoption would lead to the proposition, that it is necessary to aver affirmatively not only the commission of the offense, but that the person charged was capable of committing the offense.

The State introduced testimony that defendants said they were fortune tellers, and some witnesses testified that defendants told their fortunes, but made no charges for telling fortunes. This evidence seems to have been brought out in response to questions calculated to elicit such answers. There was no objection to the questions, but after the witnesses had answered the questions, the defendants moved to exclude the answers "on the ground that said testimony was inadmisible." The law will not allow a party to wait without dissenting until the witness answers an improper question, and if favorable claim the advantage, but if prejudicial then move to exclude it. He can not thus speculate upon the answer to an improper question.—*McCulman v. State*, 96 Ala. 98; *M. & B. R'y Co. v. Kimbrough, Ib.* 127. Moreover, we are not prepared to say, such testimony did not tend to support the charge of vagrancy.

Affirmed.