# Ellis v. The State.

*Indictment for Assault with Intent to Murder.*

1. *Indictment for assault with intent to murder; election, not required when acts are continuous.*—Where on a trial under an indictment for an assault with intent to murder, it is shown by the evidence that the defendant fired three separate shots at the party assaulted in quick succession, the State can not be required to elect for which of the shots it would prosecute, since the firing of the subsequent shots will be regarded as a continuation of the assault and done under the impulse of the same design.

2. *Specific objections to testimony waive all others.*—Where specific objections are made to questions asked a witness, other objections are regarded as waived; and if those assigned do not sustain the objection, it is not a reversible error to overrule them.

3. *Assault with intent to murder; when purpose of carrying a weapon relevant evidence.*—On a trial under an indictment for an assault with

intent to murder, the fact that the defendant armed himself for the purpose of the homicide is material and relevant; and when, upon the cross-examination of the defendant, the question "why did you have a pistol," is objected to on the ground that the evidence sought to be elicited was immaterial and irrelevant, the objection is properly overruled, although the question was illegal, since the fact sought to be elicited thereby was material and relevant to the issue.

4. *Failure to object to illegal question.*—Where no objection is interposed to an illegal question, and the answer is responsive, the party against whom it is offered can not afterwards object and move to exclude the question and answer, although the evidence adduced thereby was illegal or irrelevant.

5. *Charge to jury; ignoring duty of retreat.*—On a trial under an indictment for an assault with intent to murder, where there is evidence tending to show that the defendant shot at the person assaulted without provocation, a charge which instructs the jury that the defendant would be authorized to use a pistol on the person assaulted if he "was advancing on the defendant with a knife, and the defendant was in imminent danger of losing his life, or of great bodily harm," is properly refused, because it ignores both the duty to retreat and the evidence tending to show that the defendant shot without provocation.

APPEAL from the Criminal Court of Jefferson.

Tried before the Hon. SAMUEL E. GREENE.

The appellant was indicted and convicted for an assault with intent to murder one W. R. Kingsmore, and sentenced to the penitentiary for ten years.

The evidence for the State tended to show that the assault upon Kingsmore by the defendant was unprovoked, and that the defendant shot him two or three times.

The evidence for the defendant tend to show that at the time of the shooting, Kingsmore was advancing upon him with a knife, and that he, the defendant, shot him in self-defense. The rulings of the trial court on the evidence are sufficiently shown in the opinion. The defendant duly excepted to the court's refusal to give the following witten charge, which was requested by him : "The defendant would be authorized to use a pistol on Kingsmore, if Kingsmore was advancing on the defendant with a knife, and the defendant was in imminent danger of losing his life, or of great bodily harm."

WM. M. BETHEA, for appellant.—1. The question "Why did you have a pistol?" called for his uncommunicated intention, and the defendant should not have been

required to answer same.—*Burke v. The State,* 71 Ala. 377; *Whizenant v. State,* 71 Ala. 383. Said question was incompetent and irrelevant because it did not tend to prove or disprove any competent matter.—*Gassenheimer v. State,* 52 Ala. 313 ; *Berney v. State,* 69 Ala. 220 ; *Fincher v. State,* 58 Ala. 215.

2. It was not competent to have shown that the pistol was concealed, it being another crime.—*Gassenheimer v. State,* 52 Ala. 314.

3. Illegal evidence may be objected to and should be excluded on motion at any time.—Clark's Manual, § 2496, p. 480 ; *Pool v. Devers,* 30 Ala. 672 ; 1 Brick. Dig., 887.

WM. C. FITTS, Attorney-General, for the State.—The evidence in this case does not present a case for an election ; the shots fired being so closely connected in point of time as to be considered as a continuation of the individual act charged in the indictment.—*Busby v. State,* 77 Ala. 66.

The charge requested by the defendant was properly refused.—*DeArman v. State,* 77 Ala. 10.

COLEMAN, J.—The defendant was convicted of a felonious assault and sentenced to the penitentiary. The State having proven that the defendant fired three separate shots at the party assaulted, the defendant moved the court to require the State to elect for which of the shots it would prosecute. The evidence tended to show that the three shots followed each other in instantaneous succession. The facts did not present a case for an election. As was said in the case of *Busby v. The State,* 77 Ala. 66, the last "might justly be regarded as but a continuation of the assault and done under the impulse of the same design," and in execution of the same intent. With equal propriety the State could be required to elect in case of an ordinary assault and battery, when there was evidence that more blows than one was given, for which of the blows the State intended to prosecute.

The defendant was asked by the prosecution on cross-examination : "Why did you have a pistol?" and against his objection the witness was required to answer the question. There are some decisions which hold, "that an uncommunicated motive or intent, with which a party

did an act or refrained from an act, is not matter as to which he can testify."—*Dean v. The State*, 100 Ala. 102; *Ball v. Farley, Spear & Co.*, 81 Ala. 288; *Whizenant v. The State*, 71 Ala. 383. When, however, an objection is made, upon definite and specified grounds, none of which are well taken, the court is not bound to cast about for other grounds of objection. If those assigned do not sustain the motion, it is not a reversible error to overrule the motion.—*Steiner Bros. v. Tranum*, 98 Ala. 319; *McDaniel v. The State*, 97 Ala. 14. The defendant was upon trial for an assault with intent to murder. To convict, the State was required to show the specific intent to commit the offense. Evidence that a party armed himself for the purpose of the homicide, is material and relevant. The State undertook to elicit a fact which was material and relevant, by an illegal question. There was no objection to the question on this account. The grounds of objection were that the evidence sought to be elicited was not material and was irrelevant. The other ground was that the evidence, if admitted would be injurious to the defendant. This can be said of all criminating evidence. The State asked the witness: "If the pistol was concealed?" The question was palpably wrong, and if the question had been objected to, a refusal to sustain the objection would have been reversible error. The defendant interposed no objection to the question, but proceeded to answer. Subsequently, he moved the court to exclude the question and answer. This motion came too late. A party will not be permitted to waive an objection to an improper question, so as to get the benefit of an answer before the jury, and then obtain the benefit of an exception by a motion to exclude it. Nor can a party on trial speculate in this way upon the answer of the witness.—*McCalman v. The State*, 96 Ala. 98; *Billingsley v. The State*, *Ib.* 126.

The charge requested by the defendant was properly refused. It ignores the duty to retreat, and also the evidence which tended to show that he fired the pistol without provocation or fault on the part of the party assaulted. In fact there was evidence tending to show that the defendant was wholly at fault.

Affirmed.