# Tice *v.* The State.

### *Violating Prohibition Law.*

(Decided Dec. 19, 1911.   Rehearing denied Jan. 30, 1912.
57 South 506.)

1. *Intoxicating Liquors; Evidence.*—The evidence stated and examined and held sufficient to require a submission to the jury of the question of the defendant's guilt.

2. *Trial; Evidence; Province of Jury.*—Unless the evidence palpably fails to make out a prima facie case, its weight and suffi-

[Tice v. The State.]

ciency is for the jury; hence, if the tendencies of the evidence supports the charge made, or permits inferences to be drawn by the jury in support of the charge, it becomes a jury question.

3. *Same; Objection; Time.*—Where no objection is taken to a question until after it is answered, the court cannot be put in error for overruling the objection.

4. *Appeal and Error; Review; Exceptions.*—Where it is not shown that pending the trial or before the jury retires exceptions were reserved to the oral charge of the court, the charge will not be reviewed although set out in the bill of exceptions.

APPEAL from Marion Circuit Court.

Heard before Hon. C. P. ALMON.

Jordan Tice was convicted of manufacturing spirituous, vinous, malt or intoxicating liquors, and he appeals. Affirmed.

A. F. FITE, and E. B. & K. V. FITE, for appellant. Motion to exclude state's evidence because not sufficient should have been granted.—*Moore v. The State,* 149 Ala. 66. On the same authority, the affirmative charge should have been given. The court erred in its oral charge.—*Clemmons v. The State,* 52 South. 467; *Gayno v. L. & N.,* 136 Ala. 244; *Lantern v. The State,* 55 South. 1032; *White v. The State,* 111 Ala. 92; *Andrews v. The State,* 48 South. 863.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. The evidence was prima facie sufficient to warrant a conviction.—Sec. 12, Acts 1909, p. 81. The objection to the question came after the question was answered, and hence, came too late.—*So. Ry. v. Leard,* 146 Ala. 349; *Tutwiler C. & I. Co. v. Nichols,* 146 Ala. 364; *Coppin v. The State,* 123 Ala. 58; *Washington v. The State,* 106 Ala. 58. Counsel discuss the charges given and refused, but without further citation of authority.

PELHAM, J.—Appellant was tried for manufacturing spirituous, vinous, malt, or alcoholic liquors, and appeals from the judgment of conviction.

The witness examined on behalf of the state testified that he saw the defendant and two other parties at a still, located about one-half to three-quarters of a mile from defendant's house, that "looked like" it had been in operation for some time; that there was a 10-gallon keg sitting at the still, and 3 or 4 barrels in the hollow nearby. The witness further testified that when he came up and joined the three parties at the still the defendant "seemed to be at work"; that he heard a noise like taking rocks from around the still before he saw the defendant; and that he thought there was a fire there; that the defendant, when he walked up, said: "We have plenty of whiskey; come up and take a drink." The state introduced no other witness, and this witness stated, in the course of his examination, that he would not be certain that the defendant was working at the still; that he saw him do no work; and that his hands appeared to be clean. The defendant moved the court to exclude the evidence and direct a verdict, as the evidence was not sufficient to support a verdict of guilty and judgment of conviction. The defendant's motion to exclude the evidence was overruled by the court. There was sufficient evidence from which the inferences necessary to a finding of the defendant's guilt could be drawn by the jury.

Unless the evidence palpably fails to make out a prima facie case, its weakness is a question, not for the court, but for the jury, and if its tendencies at all support the charge made, or afford inferences to be drawn by the jury in support of the charge, it is properly left to the jury to determine.—*Way v. State,* 155 Ala. 52, 46 South. 273. The evidence that defendant was found

[Tice v. The State.]

at a still, located within three-quarters of a mile of his home, that showed signs of having been recently in operation, and that he spoke of and offered to dispose of the whiskey as having an interest in it, and "seemed to be at work," are sufficient facts to submit to the jury on the question of defendant's guilt of manufacturing spirituous, vinous, malt, or alcoholic liquors; and it is for the jury to say if the inferences drawn from them are sufficient to support the charge made and lead to a conclusion of guilt by that measure of proof required.

The objection to the question asked the defendant on cross-examination, "You know how to make liquor, Jord?" is shown by the bill of exceptions to have been made after the witness answered the question; and it is therefore unnecessary to consider whether the question exceeded the latitude allowed on cross-examination.— *McCalman v. State*, 96 Ala. 98, 11 South. 408; *Billingsley v. State*, 96 Ala. 126, 11 South. 409; *Traylor v. State*, 100 Ala. 142, 14 South. 634; *Ellis v. State*, 105 Ala. 72, 17 South, 119; *Washington v. State*, 106 Ala. 58, 17 South. 546; *Downey v. State*, 115 Ala. 108, 22 South. 479; *Coppin v. State*, 123 Ala. 58, 26 South. 333; *So. Ry. Co. v. Leard*, 146 Ala. 349, 39 South. 449; *W. P. Co. v. Andrews*, 150 Ala. 368, 43 South. 348; *B. R. L. & P. Co. v Taylor*, 152 Ala. 105, 44 South. 580; *B. R. L. & P. Co. v. Chastaain*, 158 Ala. 421, 48 South. 85.

The exceptions to portions of the oral charge set out in the bill of exceptions are not available on review, as it is not shown that the exceptions were reserved, pending the trial, or before the jury retired. *Donnahoo & Matthews v. Tarrant*, 1 Ala. App. 446, 55 South. 270; *Moore v. State*, 146 Ala. 687, 40 South. 345; *Reynolds v. State*, 68 Ala. 502; *Montgomery v. Gilmer*, 33 Ala. 116, 70 Am. Dec. 562. There was evidence tending to

show the guilt of the defendant, and the general charge was properly refused.

There is no error in the record, and the judgment must be affirmed.

Affirmed.