[Farlow, et al. v. The State.]

# Farlow, *et al. v.* The State.

## *Larceny.*

(Decided February 6, 1913. 61 South. 474.)

1. *Trial; Objection to Evidence; Time.*—Where a question was not objected to and had been answered, an objection to the question and answer comes too late.

2. *Evidence; Hearsay.*—A question to a witness as to whether a third person and the defendant had not gotten into some trouble at the time witness told such third person about the case could have been answered by hearsay evidence, and was improper.

3. *Witnesses; Examination; Cross.*—Where the relevancy of the question was not apparent, and was not disclosed by counsel, the court in its discretion in limiting cross-examination will be justified in excluding such question.

4. *Same; Impeachment; Inconsistent Statement.*—The facts stated and it is held that the colloquy between the grand jury and a third person relative to the evidence of a witness was not admissible as not bearing on the credibility of such witness's testimony.

APPEAL from Cleburne Circuit Court.

Heard before Hon. A. H. ALSTON.

Oliver Farlow and another were convicted of grand larceny, and they appeal. Affirmed.

The bill of exceptions recites that, after the question was asked and answered by the witness Arbie Taylor, the defendant objected. The court overruled the objection, and the defendant excepted. The witness Shelton, testifying, stated that he told Doc Bennerfield about what he knew about the case some time at his home, that he did not remember just when, and the defendant asked the witness this question: "Doc Bennerfield and the defendant Farlow had got in some trouble at the time you told Bennerfield about it, hadn't they?" Mr. Adams, a member of the grand jury, was introduced, and was asked the following question: Whether or not Tom Shelton came before the grand jury, and said he

did not know anything about who got Taylor's cotton, and that the grand jury then dismissed him, and sent for Mr. George Taylor, and, when he came, that they told him that Tom Shelton said he did not know anything about it, and, if Mr. Taylor did not say then, "bring him back in here where I am, and he will not deny it," and if Taylor did not then talk to Shelton, and pointed down towards the jail, and told him he would have him put in there if he did not tell about it, and that, after this threatening on the part of Mr. Taylor, the young man did not then proceed to tell the grand jury what he claimed to know about it?

TATE & WALKER, for appellant. Counsel discuss the assignments of error relative to evidence, and insist that on the authority of *Grayson v. The State,* they should have been permitted to show the state's witness told an enemy of one of defendants that defendant had tried to get him to help them steal some cotton, as tending to show ill will or bias.—*McHugh v. The State,* 31 Ala. 317; 40 Cyc. 2680. A specific ground of objection is a waiver of all others.—97 Ala. 16, Under section 7298, Code 1907, a grand juror may be required to testify as to the testimony of a witness before that body to show inconsistent statements.—*Pellum v. The State,* 89 Ala. 28; *Burton v. The State,* 115 Ala. 11.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. Where a question is asked without objection and answered, an objection to the question and answer comes too late.— *Stowers F. Co. v. Brake,* 158 Ala. 639, and cases cited. The grand juror was properly denied the right to go into the colloquy between the grand jury and a third

person relative to a witness's statement.—Section 7298, Code 1907; *Burton v. The State,* 115 Ala. 1. Counsel discuss other assignments of error, but without citation of authority.

PELHAM, J.—The objection to the question and answer of the witness Arbie Taylor came too late, and was properly overruled.—*McCalman v. State,* 96 Ala. 98, 11 South. 408; *Billingsley v. State,* 96 Ala. 126, 11 South. 409; *Ellis v. State,* 105 Ala. 72, 17 South. 119; *Downey v. State,* 115 Ala. 108-112, 22 South. 479; *Stowers Furniture Co. v. Brake,* 158 Ala. 639, 48 South. 89.

The question asked the witness Shelton about the defendant having gotten into trouble with one Doc Bennerfield clearly had for its purpose an attempt to elicit hearsay testimony, and the court cannot be put in error for having sustained the objection interposed by the state's counsel to the question.

The court would also have been justified in sustaining the objection to this question asked on cross-examination, under the discretion allowed the court in limiting such examinations, when the relevancy of the testimony was not apparent, and was not disclosed by counsel for defendant when asking the question seeking to make the seemingly irrelevant proof that Bennerfield and the defendant had had some trouble at an indefinite time.

The competency of a grand juror to disclose the testimony of a witness examined before the grand jury is fixed by statute, and is limited, except in perjury cases, to an inquiry having for its purpose to show whether the testimony given before the grand jury is consistent with the testimony of the witness given on the trial before the court.—Code 1907, § 7298; *Burton v. State,*

115 Ala. 1, 22 South. 585. The question asked the grand juror Adams when being examined as a witness for the defendant did not comply with this rule, but included an inquiry as to a statement made to the grand jury by one Taylor in the absence of the witness. Such colloquy between the grand jury and a third party could have no bearing on the credibility of the witness' testimony, and was not admissible.

We find no error in the record, and the judgment of the lower court will be affirmed.

Affirmed.