# Thomas *v.* The State.

## *Violating Prohibition Law.*

(Decided April 20, 1915.   68 South. 549.)

1. *Intoxicating Liquors; Evidence; Sufficiency.*—Where the evidence was sufficient to afford a basis for an inference that the defendant was guilty of violating the prohibition law, the defendant was not entitled to have all the evidence excluded, as its sufficiency to sustain a conviction was for the jury.

2. *Same.*—Where there was evidence that the prohibited liquor was kept in a store or shop, the court properly instructed the jury that proof beyond a reasonable doubt, and to a moral certainty that defendant had the prohibited liquor on his premises, and that such premises were not used exclusively as a dwelling, would be prima ·facie evidence that he kept the liquor for sale, or with intent to sell the same contrary to law, under section 4, Acts 1909, p. 64.

3. *Same; Instruction.*—The charge asserting that if defendant's only connection with the prohibited liquor consisted in depositing a package behind a counter, without knowledge or notice of its contents, and in changing a dollar for the negro who sold it, and that, if he in no way aided in the sale or delivery of the liquor, the jury should find for the defendant, should have been given.

4. *Charge of Court; Want of Evidence.*—There is no obligation resting upon a trial court to instruct that there is or is not evidence of certain facts.

APPEAL from Morgan Law and Equity Court.

Heard before Hon. THOMAS W. WERT.

Marion Thomas was convicted of violating the prohibition law, and he appeals. Reversed and remanded on rehearing.

The state witness testified that he went into Thomas' place of business, and on coming out he met a negro whom he had not seen before, but who winked at him, and he then asked the negro if he knew where he could get some whisky, and he said "Yes," and witness gave him money and told him to get him some; that he watched the back door to see if he went out that way as he had gone in the front door, "and I saw Thomas hand him a paper sack and some money. The negro came out and gave me the sack, and it had six half pints of whisky in it."

The oral charge of the court was as follows: If you find from the evidence beyond a reasonable doubt and to a moral certainty that defendant had on his premises prohibited liquors, such as whisky, and that said place was not used exclusively as a dwelling, I charge you that this would be prima facie evidence he kept said whisky for sale, or with intent to sell the same contrary to law.

[Thomas v. The State.]

The other charge referred to is as follows: I charge you there is no evidence before you that defendant kept for sale prohibited liquors.

The other written charge is as follows: If the sole and only connection defendant had with the sale of the prohibited liquor in question consisted in his depositing a package behind the counter, and changing $1 for the negro who sold the whisky, and this constituted the only connection said defendant had with said whisky, and you so find from the evidence, and if you further find from the evidence that defendant in no way aided or assisted in the sale or delivery of said whisky, and had no knowledge or notice as to what was in the sack, then you should find for defendant.

WERT & LYNNE, for appellant. No sale was shown.—*Foley v. Felrath*, 88 Ala. 180. The defendant was entitled to have the evidence excluded.—*Roberson v. the State*, 62 South. 837. The charges requested by the defendant should have been given.

WILLIAM L. MARTIN, Attorney General and J. P. MUDD, Assistant Attorney General, for the State.

PELHAM, P. J.—The facts testified to by the state's witnesses as to the transaction in which the defendant was seen to change some money with and give to the supposed "go-between" a paper sack containing six half pints of whisky, which he delivered to the state's witnesses in completing a sale between them, for which the said witnesses had previously furnished the money with the understanding that they were to receive the whisky, were sufficient to afford a basis for an inference of the defendant's guilt of the crime charged, and the court properly submitted that question to the jury, and refused

to exclude the evidence on defendant's motion.  It was a question of the weight of the evidence being sufficient for a conviction, and that is always a question for the jury.—*Tice v. State,* 3 Ala. App. 164, 57 South. 506.

The excerpt from the oral charge set out, to which an exception was reserved, in view of the evidence that the prohibited liquor was in a store or shop, was a correct statement of the law.—Acts Sp. Sess. 1909, p. 64, § 4.

The evidence of the defendant's guilt was sufficient to justify the court in refusing to give the general charge requested by the defendant and the special charge that there was no evidence that defendant kept prohibited liquors for sale.  There is no obligation on the court to give charges to the effect that there is no evidence of certain facts.—*Staples v. Steed,* 6 Ala. App. 594, 60 South. 499.

The other written charge (the charges in the record are not designated so that they may be more definitely referred to) is argumentative, and states no proposition of law.

The record presents no reversible error.

Affirmed.

### ON APPLICATION FOR REHEARING.

Upon a reconsideration of the case on the defendant's application for a rehearing, we are of the opinion that the written charge refused to the defendant and referred to in the original opinion as being argumentative is not subject to that criticism.  The charge, we think, is good, and should have been given, and its refusal by the trial court is error that will require a reversal of the judgment and remandment of the case for another trial, and it is so ordered.

Other propositions insisted upon in the application do not require discussion, as they relate to questions

upon which we passed in the original consideration of the case, and our views as there expressed on these matters seem to us to be correct.

Reversed and remanded.