(122 So. 703)

## McDOWELL v. STATE.  (5 Div. 720.)

Court of Appeals of Alabama.  May 28, 1929.

J. A. Lipscomb, of Bessemer, for appellant.

Charlie C. McCall, Atty. Gen., and J. W. Brassell, Asst. Atty. Gen., for the State.

BRICKEN, P. J. From a judgment of conviction for the offense of assault and battery in which this appellant was fined $400 and to which the court added six months hard labor for the county, this appeal was taken.

The following statement of facts contained in appellant's brief seems to be fairly borne out by the record:

"The State's case tended to show that on the night of 29th day of January, 1928, the injured party was at home with his four children in Chilton County, about seven and one-half miles south of Clanton, and about two miles north of Coopers; that the appellant came to defendant's house and hollered to the defendant, stating that his name was Smith, and stated to the prosecutor that he needed some help with his car; that they went into the house, and appellant pulled a gun out of his pocket and laid it on his lap and remarked that a traveling man needed his gun sometimes and stated he was going from Tuscaloosa to Florida, that it was about 10:20 o'clock at night, and that the children of prosecutor were in the bed and one of his boys was sitting up in bed, and that the prosecutor got out of the bed and dressed, and he and appellant walked out of the house and the prosecutor saw another man who had his face concealed, and that as the prosecutor walked out of the house the other man made a dash for prosecutor, whom the prosecutor did not know, and that said two men ran the prosecutor around and that they cursed the prosecutor and one of the men stated to prosecutor to stop or that he would shoot him, and that the pistol was placed against prosecutor's head, and that the defendant told the

prosecutor to bend down and they got some switches and beat the prosecutor from his knees down, and that the prosecutor got back to his house about twenty-five minutes until eleven o'clock; that the prosecutor did not know the name of appellant at that time, but presumed him to be one Phillips Thomas, but next day at the home of R. T. Grant prosecutor identified the said Alex McDowell, appellant, as being the man who came to his house the preceding night. This evidence was detailed by the prosecutor J. L. Jones or Len Jones as he is sometimes spoken of in the transcript.

"Clifton Jones, the child of prosecutor, fourteen years of age, stated in substance, that the appellant, whose name he did not know, came to his father's house, and corroborated the prosecutor's testimony as to the facts and conversations that occurred in the house, and that he heard his father holler after they had left the house."

The evidence without dispute or conflict established the corpus delicti, and upon the trial of this case but one question was involved—the identity of the perpetrator of the assault complained of. The appellant denied that he committed the act, or participated therein, and set up an alibi, offering testimony which tended to show that at the time the offense was committed he was at his kinsman's home some distance away. The jury whose duty it was to determine this question decided adversely to the defendant. A reversal of the judgment of conviction is sought because of several rulings of the court upon the admission of evidence to which exceptions were duly reserved.

This appellant, as stated, was identified as the man who did the whipping by Jones, the injured party, and by his fourteen year old son. The defendant having insisted that he was not present, but was at a different place, rendered evidence of tracks at and near the place where the offense was committed competent and relevant in rebuttal. The principal insistence of error is based upon the exceptions reserved in connection with the court's rulings upon the admission of evidence as to tracks. The objections interposed to the questions calling for testimony as to tracks are based upon the following grounds and upon none other: "That such evidence was incompetent, irrelevant and immaterial and not in rebuttal and hearsay."

The trial court is only called upon to pass on and determine the particular objections assigned; that is to say, when an objection is made upon definite and specific grounds, none of which is well taken, the court is not bound to cast about for other grounds of objection. If those assigned do not sustain the objection, it is not reversible error to so hold. Ellis v. State, 105 Ala. 72, 17 So. 119. As we view the questions pro-

pounded in this connection and the evidence sought thereby, if objectionable at all, it was because it called for a conclusion of the witness on the question of tracks. This ground of objection was not interposed; it was therefore waived, and the court below was called upon to pass only upon the objections which were made, and it is very clear that these were not well taken.

The record affirmatively discloses that the accused was accorded a fair and impartial trial. No prejudicial error appears. The jury were, we think, amply justified in returning their verdict of guilt. There is some evidence tending to show motive, and also the proximity of defendant; therefore the opportunity to commit the offense. He was positively identified by two unimpeached, though interested, witnesses.

A miscarriage of justice in this case does not appear. Let the judgment of conviction from which this appeal was taken stand affirmed.

Affirmed.