180 So. 592

## FRENCH v. STATE.

### 6 Div. 241.

Court of Appeals of Alabama.

Feb. 22, 1938.

Rehearing Denied March 22, 1938.

R. G. Kelton, of Oneonta, for appellant.

A. A. Carmichael, Atty. Gen., and Jack Crenshaw, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

No brief has been filed in behalf of appellant, but under the statute, section 3258, Code 1923, we are required to consider all questions apparent on the record, upon which the appeal is based, and must render such judgment as the law demands.

As above stated, this appeal is upon the record proper only, there is no

bill of exceptions, therefore the only question for consideration is as to the regularity of the proceedings in the court below, as shown by the record.

There is transcribed in this record an indictment, based upon the acts complained of, which was returned by the grand jury at the fall term, 1934, of the circuit court of Blount county and filed in open court on the 17th day of August, 1934. This indictment contained 15 separate and distinct counts and covers nearly five pages of the transcript. Demurrers to said indictment, and to each count thereof, were sustained, and the defendant, as the statute provides, Code 1923, § 3278, as amended by Gen.Acts 1931, p. 652, was held to wait the action of the grand jury of Blount county to answer any indictment that may be preferred against him charging the same offense.

At the fall term, 1935, of the court, the grand jury found another indictment which was returned into court and filed on November 16, 1935. This indictment contained four counts, to all of which defendant interposed demurrers based upon a number of separate and distinct grounds. The demurrers were overruled, and this action of the court is made the premise for a reversal of the judgment of conviction from which this appeal was taken.

The offense attempted to be charged in each count of the indictment was manslaughter in the second degree, and of this offense the defendant was convicted, the jury fixed his punishment at imprisonment in the county jail for a term of 30 days, and assessed a fine of $50 against him also.

■■ Each of the four counts of the indictment was defective, and the several infirmities were directly designated and pointed out by the demurrers. At most, the indictment, and each count thereof, charged the defendant with simple negligence or mere carelessness. This will not suffice. It has been repeatedly held and determined that criminal negligence may not be predicated upon mere negligence or carelessness, but only upon that degree of negligence or carelessness which is denominated "gross," and which constitutes such a departure from what would be the conduct of an ordinarily careful and prudent man under the same circumstances as to furnish evidence of that indifference to consequences which in some offenses

takes the place of criminal intent. In the case of Hampton v. State, 45 Ala. 82, the court said: "There must be a criminal intent, or negligence so gross as to imply it." In White v. State, 84 Ala. 421, 423, 4 So. 598, is this language: "Gross carelessness, even in the performance of lawful acts, is punishable, if another is injured thereby."

In Fitzgerald v. State, 112 Ala. 34, 20 So. 966 it was said: "But if the killing was the result of carelessness of such low degree or trivial character as to have been purely an accident, there is no criminality in the homicide, and the person inflicting the fatal blow is not criminally responsible."

In 29 Corpus Juris, p. 1154, it is said: "While the kind of negligence required to impose criminal liability has been described in different terms, it is uniformly held that it must be of higher degree than is required to establish negligence upon a mere civil issue, and it must be shown that a homicide was not improbable under the facts as they existed which should reasonably have influenced the conduct of accused."

■■ There can, we therefore think, be no doubt upon authority and principle that homicide may result from carelessness of such low degree or trivial character in the performance of a lawful act as not to involve criminality in the person so carelessly performing the act; and it follows that criminality cannot be affirmed of every lawful act, carelessly performed, and resulting because of such carelessness in the death of another. The carelessness must be aggravated, so to speak; it must be gross, implying an indifference to consequences.

■■ It is nowhere charged in the indictment that the operation of the airplane, by the defendant, was done in an unlawful manner. The averment in counts 1 and 2 of the indictment to the effect "the said air-craft being then and there structurally or aerodynamically unsafe or unstable in and for such flight in the air," etc., is not sufficient in that it fails to aver that such infirmities in the aircraft were known to the defendant. In count 4, the alternate averment to the effect "or having reason to know that said air-craft was unsafe for such purposes," charges no offense and this, coupled with other infirmities, rendered said count

defective and insufficient, as pointed out in the demurrer.

For the error in overruling the demurrer to the indictment, the judgment of conviction from which this appeal was taken is reversed and the cause remanded.

Reversed and remanded.

Note.—Appellant's brief was received and filed before the above opinion was promulgated.