22 So.2d 349

## HALE v. LAYER.

### 4 Div. 374.

Supreme Court of Alabama.
May 17, 1945.

John C. Walters, of Troy, for petitioner.

J. H. Wilkerson, of Troy, opposed.

FOSTER, Justice.

The Court of Appeals has set out in its opinion the substance of the evidence shown in the record on appeal to that court, and held that the affirmative charge was not due the defendant on that basis, but that the verdict could not be supported against attack by a motion for a new trial. In the first instance that court passed on a legal question: that is, the legal effect of that evidence. That is not involved on the certiorari now before us, but it would be reviewable in that manner if it were involved in the petition. Rainey v. State, 245 Ala. 458, 17 So.2d 687. In holding that "the preponderance of the evidence weighs so heavily against the verdict that the motion for a new trial should have been granted," appellee contends that the Court of Appeals did not correctly apply the law, admitting that in weighing the evidence, the conclusion of that court is not subject to review though the evidence is set out. Rainey v. State, supra.

The argument of appellant is that the court erroneously stated the rule in that respect and therefore applied an erroneous rule; that a mere preponderance of the evidence is not sufficient to support the motion, but that it must "clearly convince the court that it is wrong and unjust," and that the statement of the court that "the evidence weighs so heavily against the verdict that the motion for a new trial should have been granted" is inaccurate and shows that the Court of Appeals did not require as great an amount of preponderance in the weight of the evidence to support their conclusion as the law requires. The case of Cobb v. Malone, 92 Ala. 630, 9 So. 738, is relied on.

The statute, section 276, Title 7, Code 1940, has a somewhat different language. It uses the words when "the verdict or decision is not sustained by the great preponderance of the evidence, or is contrary to law." That is also the way it was expressed in the Code of 1923, section 9518. The particular language used in the statute and in the opinions of the court need not be literally followed. This Court has not given controlling importance to terminology in that respect. Schaeffer v. Walker, 241 Ala. 530, 3 So.2d 405; Parker v. Hayes Lumber Co., 221 Ala. 73, 127 So. 504; Williams v. Birmingham Water Works Co., 230 Ala. 438, 162 So. 95, 96.

The statement of the Court of Appeals that "the evidence weighs so heavily against the verdict that the motion for a new trial should have been granted," does not undertake to say how heavily it should weigh to have that effect. If it shows that "the verdict failed to do justice," those cases say it should be set aside. If it weighs so heavily against the verdict that it should be granted, the expression means that it is so because it fails to do justice: otherwise it should not have been granted. The expression in the opinion of the Court of Appeals does not at all conflict with the statute nor established precedent, though it does not give as much detail as is sometimes stated in our opinions and in the statute. But that does not show that the court had an erroneous idea of the principle of law which had application.

We think the petition for certiorari should be denied.

Writ denied.

GARDNER, C. J., and THOMAS and STAKELY, JJ., concur.