34 So.2d 619

## LIGHTFOOT v. STATE.

5 Div. 449.

Supreme Court of Alabama.
March 25, 1948.

A. A. Carmichael, Atty. Gen., and Richard S. Brooks, Asst. Atty. Gen., for the petition.

Holley, Milner & Holley, of Wetumpka, opposed.

SIMPSON, Justice.

The appellant was convicted of manslaughter in the second degree and appealed to the Court of Appeals. That court has ordered a reversal and the case is here by petition for writ of certiorari. While it does not appear from the opinion of the Court of Appeals that the substance of all the evidence in the record was set out in the opinion, we deem this of no consequence under our limited rule of review by certiorari. Hale v. Layer, 247 Ala. 10, 22 So.2d 349.

The phraseology used in the opinion on which a reversal is rested is as follows:

"* * * In our opinion there is too great a chance that an injustice may be done this appellant if this conviction be sustained in light of the evidence submitted. * * *

"It is our conclusion therefore that the lower court erred in denying appellant's motion for a new trial on the grounds that the verdict was contrary to the evidence, contrary to the law and the evidence, and contrary to the great preponderance of the evidence."

In reviewing the decision of that court on such question, this court has not given controlling importance to the terminology used in the opinion in announcing its ruling in this respect. The language of the opinion in the instant case is not materially different from that in the statute authorizing the granting of the motion for a new trial by the trial court, viz: "The verdict or decision is not sustained by the great preponderance of the evidence, or is contrary to law." Code 1940 Tit. 7, § 276.

We do not review the conclusion of the Court of Appeals on this issue and the petition for certiorari must be denied. Hale v. Layer, supra; Clayton v. State, 244 Ala. 307, 13 So.2d 423; Rainey v. State, 245 Ala. 458, 17 So.2d 687.

Writ denied.

GARDNER, C. J., and Brown and LIVINGSTON, JJ., concur.