41 So.2d 634

## GARNER v. STATE.
### 6 Div. 828.

Court of Appeals of Alabama.
July 19, 1949.

552

T. K. Selman and R. L. Newton, of Jasper, for appellant.

A. A. Carmichael, Atty. Gen., and Francis M. Kohn, Asst. Atty. Gen., for the State.

HARWOOD, Judge.

Appellant's jury trial upon an indictment charging manslaughter in the first degree resulted in a verdict of guilty of manslaughter in the second degree.

The evidence presented by the State was directed toward showing that between 7:30 and 8:00 p. m. on September 18, 1948, Mr. Grady Doughty was driving a tractor along a highway in Fayette County, Alabama. The tractor was 7½ or 8 feet in width, and was pulling a mowing machine. There were two headlights, lit, on the front of the tractor, and on the rear, a light described in appellant's brief, and we think correctly, as "a single strong headlight attached to the rear of the tractor on the left hand side, that was used when backing and turning the tractor and for seeing the mower and blade operation while cutting hay at night. This light was shining brightly back down the highway in the opposite direction from which the tractor was traveling."

The automobile driven by appellant, and going in the same direction as the tractor collided with it, resulting in the death of Mr. Doughty.

In connection with the direction it was going, the tractor was about a foot to the right of the yellow center line of the highway at the time of the collision.

There was no testimony of eye witnesses to this collision, and the State's case is dependant upon circumstantial evidence.

The tractor's left rear wheel was torn loose by the impact, and was found some 40 steps on beyond the point of impact. When observed by investigating officers the appellant's automobile was pulled off on the side of the highway some 258 feet beyond the point of impact.

Ernest Wilson, and Woodrow Wilson, brothers, observed the tractor and the appellant's automobile pass along the highway as they were about 75 yards from the highway on an intersecting road, the collision occurring about 100 yards down the highway from the intersection. Both testified that the two front lights and the rear light of the tractor were burning as they saw it pass, and that appellant's automobile was going "pretty fast" when they observed it. According to Ernest Wilson: "I could see the tractor as plain as day. The lights were all over it."

There were two culverts under the highway in the area of the collision which occurred apparently just beyond one of the culverts, and over the second one.

At the conclusion of the State's case the appellant moved that the evidence be excluded, and the defendant discharged. The court overruled said motion, to which ruling the appellant duly excepted.

Unless the evidence palpably fails to make out a prima facie case, or on the other hand, if its tendencies at all support the charge made, or afford inferences to be drawn by the jury in support of the charge, it is properly left to the jury for determination of its weight. Way v. State, 155 Ala. 52, 46 So. 273; Tice v. State, 3 Ala.App. 164, 57 So. 506; Thomas v. State, 12 Ala.App. 293, 68 So. 549. Under the evidence presented in this cause it is our opinion that the court's action in denying appellant's motion to exclude the evidence and discharge appellant was properly denied. Furthermore, no grounds were assigned in support of the motion, and under such circumstances a lower court should not be put in error for its ruling. Perry v. State, 17 Ala.App. 80, 81 So. 858.

The defense presented only one witness in the trial below Mr. B. O. Hudson. The material portion of his testimony was to the effect that a tractor of the type driven by appellant is 8 feet in width.

Among the written charges requested by appellant and refused by the court was one affirmative in nature as to manslaughter in the second degree.

No motion for a new trial was filed in this cause.

Manslaughter in the second degree has been repeatedly defined as the unlawful killing of another human being, without malice and without the intent to kill or to inflict injury resulting in death but accidentally committed by the accused while he was doing an unlawful act amounting to a misdemeanor, or accidentally committed by the accused while he was doing a lawful act, but in a grossly negligent or improper manner. Jones v. State, 21 Ala. App. 234, 109 So. 189; Wilson v. State, 32 Ala.App. 591, 28 So.2d 646; Lightfoot v. State, 250 Ala. 392, 34 So.2d 619.

While there are no specifically defined limits as to the speed at which motor vehicles may be driven on the highways of this State, Brown v. State, 32 Ala.App. 246, 24 So.2d 450, yet Section 5(a) of Title 36, Code of Alabama 1940, provides: "Any person driving a vehicle on a highway shall drive the same at a careful and prudent speed not greater than is reasonable and proper, having due regard to the traffic, surface and width of the highway and of any other conditions then existing and no person shall drive any vehicle upon a highway at such speed as to endanger the life, limb, or property of any person." Violation of this provision is declared to be a misdemeanor.

The ultimate question upon which this case depends is whether there was error in the refusal of the appellant's request for the affirmative charge.

Whenever a shown or proved state of facts is such that reasonable men may fairly differ as to whether due care has been used, or not, or whether there was negligence or not, then the question is one for the jury. Downey v. State, 30 Ala. App. 285, 4 So.2d 422.

We think the following quotation from the case of Crump v. State, 29 Ala.App. 22, 191 So. 475, 476, also sheds light in determining the correctness of the action of the lower court in refusing the appellant's requested affirmative charge as to manslaughter in the second degree: "Another time we said—and we repeat, here: 'The law seems now clearly and definitely settled, to the effect that one causing the death of another, proximately as a result of being engaged in the performance of an unlawful act or, for that matter, of a lawful act in an unlawful manner, which seems to us to come to the same thing, is guilty of manslaughter in the second degree, regardless of any question of "triviality of the act being performed" or of degree of dereliction in the manner of performance.' See Karasek v. State, 27 Ala. App. 180, 168 So. 454, 455, where we cited Crisp v. State, 215 Ala. 2, 109 So. 287."

The defendant's conduct in overtaking and colliding with the tractor, traveling at night on the right hand side of the highway, and in the same direction as appellant was driving, where there was evidence that the tractor could "be seen as plain as day," and "the lights were all over it," presents a question of fact as to whether, under the circumstances, appellant was driving at a careful and prudent speed, and with due regard to the conditions then existing. If not so driving appellant was guilty of un-

554

lawful conduct. This question of fact was solely within the province of the jury to resolve. We do not believe that it can reasonably be contended that under the circumstances surrounding this collision the jury was not warranted under the evidence in concluding that appellant's conduct was unlawful, or that the evidence supporting such conclusion was not substantial. This being so, there can be no question as to the propriety of the court's action in denying appellant's requested affirmative charge.

The court's ruling was invoked relatively few times in the trial below. In each instance the ruling was patently correct and discussion is therefore not indicated.

Three charges requested by appellant in writing were refused without error. Charge 1 was affirmative in nature as to manslaughter in the first degree. Under the jury's verdict such charge becomes abstract. Charge 2 was affirmative in nature as to manslaughter in the second degree. Under the evidence the charge was properly refused. Charge 3 was adequately covered by the court's oral charge.

In our opinion this cause is free of error probably injurious to the substantial rights of this appellant, and is due to be affirmed. It is so ordered.

Affirmed.

BRICKEN, P. J., not sitting.