60 So.2d 360

### RUTLEDGE v. STATE.
#### 4 Div. 192.

Court of Appeals of Alabama.

March 13, 1952.

Rehearing Denied April 15, 1952.

Baldwin & Baldwin and Robt. B. Albritton, all of Andalusia, for appellant.

Si Garrett, Atty. Gen., and J. W. Arbuthnot, Asst. Atty. Gen., and Marvin Cherner, Montgomery, of Counsel, for the State.

HARWOOD, Judge.

This appellant has been found guilty of manslaughter in the second degree under an

indictment charging him with manslaughter in the first degree.

The appellant was driving a truck north on Highway 55, and was preceded by another truck driven by one Williams. For convenience we will hereinafter refer to this second truck as the Williams truck.

The Williams truck had a flat bed and some 10 or 12 men were riding thereon.

According to the tendencies of the evidence presented by the State, the appellant, when from 200 to 400 feet away from an intersecting road, initiated an attempt to pass the Williams truck. When not yet clear of the Williams truck the appellant began cutting in from the left lane and turned into the road intersecting on the right.

This action forced the driver of the Williams truck to pull to the right, and he too attempted to turn into the side road. According to Williams the right rear wheel of appellant's truck struck the left front wheel of his truck.

During this occurrence several of the men on the Williams truck, including the deceased, were thrown therefrom, and the rear wheels of appellant's truck passed over the deceased.

The appellant testified that he had completely passed the Williams truck about a half mile from the intersecting road.

When about 100 yards from the intersecting road he gave a hand signal that he was going to turn into it.

Before turning into the road he looked back and did not see any vehicles behind him.

Appellant testified that at the time he turned right into the intersecting road he did not swing out to the left, but simply turned off right from the right lane of the highway. He further denied that the wheels of his truck ever came in contact with those on the Williams truck.

The above represents only a thumb nail sketch of the facts, but is, we think entirely sufficient for the purposes of this review. This for the reason that it is our conclusion that a certain portion of the court's oral instructions to the jury, duly excepted to, compels a reversal of this cause.

The portion of the oral instructions excepted to was as follows:

"I charge you further, gentlemen of the jury, that if the driver of this rear truck, the one upon which the deceased was riding, was guilty of any negligence on that occasion it has nothing to do with this case."

In his instructions to the jury the court submitted the cause to the jury both upon manslaughter in the first degree and manslaughter in the second degree.

Further, upon the question of manslaughter in the second degree the court submitted to the jury the question of whether the appellant may have caused the death of the deceased either in doing an unlawful act, not felonious, or in performing a lawful act in a "negligent or improper" manner.

Appellant's able counsel, seeking to additionally reinforce his argument, insists that the portion of the instructions excepted to is made more seriously erroneous because the court, in defining manslaughter in the second degree, as it may arise out of the doing of a lawful act in an improper manner, instructed the jury that "negligent or improper" action under such circumstances was sufficient to make an accused culpable.

While we agree that the portion of the charge excepted to is erroneous, we do not accord to the contentions of counsel that the definition of manslaughter in the second degree, as stated by the court, is in anywise material to the conclusion.

Some confusion appears in our decisions as to the degree of negligence required where the homicide results from doing a lawful act in an improper manner.

In French v. State, 28 Ala.App. 147, 180 So. 592, 594, this court took the view that "simple negligence" will not suffice, and that "criminal negligence may not be predicated upon mere negligence or carelessness, but only upon that degree of negligence or carelessness which is denominated 'gross,' and which constitutes such a departure from what would be the conduct of an ordinarily careful and prudent man under the same circumstances as to furnish evidence of that indifference to consequences which

in some offenses takes the place of criminal intent."

By testing the accused's conduct by the standard of the "ordinarily careful and prudent man under the same circumstances" it would appear that the court was actually and in fact defining "negligence" only, despite the additional language used.

We find that in several of our cases the term "gross negligence" has been used by the court in defining the offense of manslaughter in the second degree arising out of the doing of a lawful act in an improper manner. Garner v. State, 34 Ala.App. 551, 41 So.2d 634; Lightfoot v. State, 33 Ala. App. 409, 34 So.2d 614, certiorari denied 250 Ala. 392, 34 So.2d 619; Jones v. State, 21 Ala.App. 234, 109 So. 189; Wilson v. State, 32 Ala.App. 591, 28 So.2d 646.

On the other hand several of our decisions have omitted the descriptive term "gross" and have defined manslaughter in the second degree, in part, as arising when death is accidentally caused in doing a lawful act in a negligent manner. See Carter v. State, 31 Ala.App. 526, 19 So.2d 361, and cases therein cited; certiorari denied 246 Ala. 101, 19 So.2d 364.

Such omission of the term "gross" does not, in our opinion, in any way impair the correctness of the definition.

In Wilson v. Brett, 11 Mees. and W. 113, 152 Eng.Rep. 737, Rolfe, B., observed that "gross" negligence was nothing more than ordinary negligence with a vituperative epithet.

It was the view of another court that the confusion resulting from attempting to divide negligence into degrees arose from regarding negligence as a positive instead of a negative word, since in any event negligence is only the absence of such care as it was the duty of one to exercise. Grill v. Iron Screw Collier Co., 1866, L.R. 1 C.P. 600.

After noting the impracticability of satisfactorily defining "slight," "ordinary," and "gross" negligence, Justice Curtis, in The New World v. King, 16 How. 469, 14 L.Ed. 1019, wrote, "If the law furnishes no definition of the terms gross negligence, or ordinary negligence which can be applied in practice, but leaves it to the jury to determine, in each case, what the duty was, and what omissions amount to a breach of it, it would seem that imperfect and confessedly unsuccessful attempts to define that duty had better be abandoned."

Our Supreme Court in several cases has expressed the idea that the word "gross," when used in connection with negligence, implies nothing more than negligence. See Ex parte Priester, 212 Ala. 271, 102 So. 376; Stringer v. Alabama Mineral R. R. Co., 99 Ala. 397, 13 So. 75; Alabama G. S. R. R. Co. v. Hall, 105 Ala. 599, 17 So. 176.

In a more recent case by our Supreme Court, Justice Stakely, quoting from an earlier case, Williams v. State, 83 Ala. 16, 3 So. 616, states that manslaughter in the second degree " 'is where it plainly appears that neither death nor great bodily harm was intended, but death is accidentally caused by some unlawful act, or an act strictly lawful in itself, but done in an unlawful manner, and without due caution.' " Williams v. State, 251 Ala. 397, 39 So.2d 37, 38.

Without due caution is we think synonymous with "without due care," that is, the care due under the circumstances. Failure to exercise such due care results in negligence. As to whether one has acted with "due care," or "due caution" is ultimately a question of fact to be determined by the jury. When a jury has determined that an accused has acted without "due caution" or "due care" he is responsible for the negligence resulting from his improper conduct regardless of whether either of the deceptive descriptive terms "simple," "ordinary," or "gross" be attached to the term negligence.

While particular factual circumstances may call for the exercise of care in varying degrees, the failure to exercise such degree of care as is owed, whether it be great care or slight care, results in negligence. Negligence is either totally present, or totally absent, according to one's conduct under the circumstances, but it cannot be partly present or partly absent.

While there is actually no real distinction between the definitions of manslaughter in the second degree resulting from the

doing of a lawful act, whether the term "gross negligence," or "negligence" be used, it nevertheless appears that for the sake of clarity and accuracy, the definition contained in the Williams case, supra, is the better, in that it properly places the accused's liability upon his exercising "due caution" under the circumstances, which factor is actually determinative of the propriety of his acts and his legal responsibility therefor.

██ Whether one has exercised due caution depends upon whether he acted as a reasonably cautious and prudent man would have acted under the same or similar circumstances.

An important part of these same or similar circumstances was the conduct of the driver of the Williams truck. This conduct must be considered in determining whether the appellant acted with due caution. Williams' conduct is an inseparable part of the entire episode and highly material as it bears upon the propriety of the appellant's conduct. The court therefore erred in instructing the jury in effect that the conduct of the driver of the Williams truck had no part in their consideration.

Other points are argued in appellant's brief. They are not likely to arise in another trial of this cause. We therefore forego a discussion of them.

Reversed and remanded.