278 So.2d 207

### Charlie C. YOUNG

v.

### STATE.

### 5 Div. 123.

Court of Criminal Appeals of Alabama.

May 15, 1973.

Lewis H. Hamner, Jr., Roanoke, for appellant.

William J. Baxley, Atty. Gen. and Joseph G. L. Marston, III, Asst. Atty. Gen., for the State.

**DeCARLO, Judge.**

Charlie C. Young was indicted for first degree manslaughter and was convicted in the Circuit Court of Randolph County of manslaughter in the second degree. His punishment was fixed at imprisonment in the County Jail for six months and a fine of $500.00. From this judgment he appeals.

Donnie Joe Etchison, a five year old boy, was fatally struck by appellant's pick-up truck as it travelled along a rural road in front of the boy's home. Just prior to the accident, the deceased and his father had been across the road from their home talking with a friend. Mr. Etchison stated that his son had started back across and was from three to five feet out in the road at the time he was hit. On cross-examination, he was questioned as follows:

"Q. Now, the child was running, wasn't he?

"A. No, he was not running.

"Q. He just walked out there?

"A. Yeah.

"Q. The child didn't see the truck?

"A. He must not did or he wouldn't have hit him, fellow coming down the road at 90 miles a hour."

He further testified that the child was knocked about thirty-two or thirty-three feet.

James M. Crews, who was talking with Mr. Etchison immediately preceding the accident, stated he did not know the speed limit on this particular road, and he did not have an opinion as to the speed of appellant's truck. When questioned if he smelled alcoholic beverages, he stated, "I smelled it when I opened the truck, but I didn't get close enough to smell his breath." He testified that he was not familiar with any traffic controls in that area. Mr. Crews and the child's father both testified that appellant did not stop after hitting the boy, but proceeded up the road to his daughter's home. Within five minutes, she drove him back to the scene.

Following the accident, appellant was upset and having chest pains. He was examined by Dr. Chester Primm, a physician in Roanoke, Alabama, who testified that he gave appellant something to relieve his pain and anxiety. At the time of examination, the Doctor could not say for sure whether or not he smelled alcohol on the accused.

An employee of the State Department of Toxicology testified that she received a blood sample identified to her as being that of the appellant. Her analysis revealed 0.19% ethyl alcohol in the blood.

It was appellant's contention that he was driving about 45 or 50 miles per hour, and the child ran out across the road in front of him. He testified there was no way he could stop.

Appellant requested the Court to give the following written charge, which was refused.

"8. I charge you, members of the jury, that unless you are convinced beyond a reasonable doubt from all the evidence in this case that the defendant caused the death of Donnie Joe Etchison by some unlawful or intentional act, or by some lawful act done in a grossly negligent or improper manner, you should find the defendant not guilty."

We cannot say that the above quoted charge was abstract as contended by the State, and after carefully checking, neither can we say it was covered by the Court's oral charge nor written charges given.

It is our belief that it states the law governing the situation before us and is supported by the evidence.

"A party is entitled to have the jury instructed as to the law governing, based upon his theory, supported by evidence, of the way in which an event happens; and this, whether the evidence supporting his theory is stronger or weaker than that supporting a contrary theory." Lewis v. State, 26 Ala.App. 515, 162 So. 552.

"It has been repeatedly held and determined that criminal negligence may not be predicated upon mere negligence or carelessness, but only upon that degree of negligence or carelessness which is denominated 'gross,' and which constitutes such a departure from what would be the conduct of an ordinarily careful and prudent man under the same circumstances as to furnish evidence of that indifference to consequences which in some offenses takes the place of criminal intent. In the case of Hampton v. State, 45 Ala. 82, the court said: 'There must be a criminal intent, or negligence so gross as to imply it.' In White v. State, 84 Ala. 421, 423, 4 So. 598, is this language: 'Gross carelessness, even in the performance of lawful acts, is punishable, if another is injured thereby.'" French v. State, 28 Ala.App. 147, 180 So. 592.

The learned trial judge is usually very careful and accurate in such matters and doubtless refused this charge under the impression its substance was included in the charges he had already given. We are of the opinion, however, that he was under a misapprehension as to this.

For the refusal to give appellant's requested charge 8, the judgment of conviction is reversed and the cause remanded.

Reversed and remanded.

CATES, P. J., dissents relying on Golden v. State, 39 Ala.App. 361, 103 So.2d 52.

ALMON, TYSON and HARRIS, JJ., concur.