WELCH V. TAVERNER·

New Trial: GROUNDS FOR: MISCONDUCT OF JURORS. In' this case the court granted a new trial on a showing by affidavits that a person not a juror slept in the same room with the jury, and had a conversation with one or two of the jurors, in which he made statements reflecting upon the character of plaintiff and tending to affect prejudicially his credibility. *Held* that the court properly granted a new trial on plaintiff's motion,—a verdict having been rendered against him,—and that it was not necessary to inquire into the probable extent of the influence of the conversation upon the verdict. (Compare *Stafford v. City of Oskaloosa*, 57 Iowa, 748.)

*Appeal from Page District Court.*—HON. A. B. THORNELL, Judge.

FILED, JUNE 7, 1889.

ACTION to recover damages for a malicious prosecution. There was a verdict for defendant, which was set aside, and a new trial ordered on the ground of misconduct of jurors while considering the case. Defendant appeals.

*G. B. Jennings* and *James McCabe*, for appellant.

*W. P. Hepburn* and *T. R. Stockton*, for appellee.

BECK, J.—I. The alleged misconduct of jurors consisted in conversations had by the misbehaving jurors with a person other than a juror in regard to the character of the plaintiff, and in receiving information

tending to affect prejudicially plaintiff's credibility. The defendant filed affidavits contradicting to some extent the affidavits filed by plaintiff, by showing that the conversations were not the same as is stated in plaintiff's affidavits. It is not shown that the conversations were not had; indeed, they are admitted, but it is claimed that they did not go to the extent set out in plaintiff's affidavits. If we regard defendant's affidavits as presenting correctly the facts, we are of the opinion that the district court was authorized thereon to set aside the verdict. These affidavits show that one, who we understand was not a member of the jury, slept in the same room with the jurors, and had conversations with one or two of the jurors, in which he made statements reflecting upon the character of the plaintiff. The statements were calculated to impair confidence in the plaintiff.

II. Upon the showing made by defendant we think the district court rightly set aside the verdict. Jurors ought not to permit conversations of this character to be had with them, and in permitting them they violate their duty. Jurors must be kept free from all possible influences. When exposed thereto it will not do to inquire into the probability as to the extent of these influences and their effect upon the verdict. There is no safety except in setting aside the verdict in a case where acts and conversations are shown which could have influenced the jury. See *Stafford v. City of Oskaloosa*, 57 Iowa, 748.

III. Considering the case upon the whole evidence, we surely cannot reverse the decision of the court below. We cannot hold that the district court abused its discretion, and so found against the evidence, as to demand our interference, under the familiar rules which prevail in this court applicable to cases of this character. It is our opinion that the decision of the district court appealed from ought to be                AFFIRMED.