(122 So. 411)

## NORWOOD HOSPITAL v. BROWN.
### (6 Div. 186.)

Supreme Court of Alabama.   May 9, 1929.

Rehearing Denied May 30, 1929.

G. P. Benton, of Fairfield, for appellee.

446

Stokely, Scrivner, Dominick & Smith, of Birmingham, for appellant.

Wilkinson & Burton and Hollis O. Black, all of Birmingham, for appellee.

SAYRE, J. Plaintiff (appellee) complained of defendant that while she was a patient in the latter's hospital her arm had been burned by the application of hot water bottles, causing permanent and disfiguring injury. The main question on this appeal is raised by defendant's contention that it should have had the general charge requested in writing.

The argument for error in the matter of the charge refused in the trial court is rested upon two grounds: (1) That plaintiff was not burned; her injury resulted from the necessary and proper treatment given her by her attending surgeon; (2) that, if she was burned, it resulted from the negligence of a special nurse who was not the servant or agent of defendant—was an independent contractor.

1. The record has been carefully searched. Expert medical testimony was that plaintiff's injury complained of was the natural and unavoidable result of the treatment for the wound (that is, ligating the severed artery) on account of which she sought relief at defendant's hospital. Plaintiff had been wounded by a pistol shot which passed through her left shoulder, severing the subclavian artery, thereby largely cutting off the circulation in her left arm, and the medical men who testified in the case were of opinion that the decay and sloughing away of some of the flesh was due to interruption of the circulation, resulting in dry gangrene, and not to burns. If we were in position to pronounce with finality upon the issue thus presented, we would feel inclined to decide the question in agreement with the judgment of the medical witnesses as being by far the most reliable in the premises. But, according to the law of this court, adopted long before our time and consistently followed (Orman v. Scharnagel, 210 Ala. 381, 98 So. 123, and authorities there cited), a scintilla of evidence going to support plaintiff's contention as to the cause of her injury made it necessary to refer the issue of fact thus raised to the jury for decision, in the first place at least. As the case is now presented, we are unable to hold that the statements of plaintiff and her witnesses to the effect that her injury in the beginning had the appearance of a burn or burns, that is, of blisters made by burns, and their description of the blisters in connection with statements by the experts showing characteristic differences between blisters caused by burns, as plaintiff contended, and blisters resulting from the stoppage of circulation and dry gangrene incident thereto, as defendant contended—considering this testimony and the fact that blisters appeared only in the parts to which the bottles were applied, we are unable to say that on this evidence there was no scintilla going to sustain plaintiff's contention as to the origin and nature of her injury. We cannot therefore affirm that the court committed error in submitting the issue thus disclosed to the jury for their decision.

2. There was evidence tending to prove that plaintiff's arm had been burned —if, indeed, it was burned—by the application of bottles of hot water, overheated for the use then being made of them, made by nurses in the regular employment of defendant, both before and after the special nurses from the outside ministered in plaintiff's case. Presumptively the regular nurses, re-

tained and paid by defendant, were servants or employees of defendant. 14 R. C. L. 78. The evidence was far from showing that these regular nurses controlled the means and manner of performing the duties they were employed to perform. As to that, they represented the will of defendant hospital. For aught appearing the hospital authorities, or the physician in charge, had a right to control the work of these nurses down to the last detail, and the ultimate question in this connection is not whether the employer actually exercised control, but whether it had a right to control. These regular nurses at least were employees, not independent contractors. 14 R. C. L. 68.

The action of the trial court in refusing the general charge requested by defendant was justified by the rules of law which that court was bound to follow.

■■ That plaintiff was properly allowed to testify that her arm was burned and was burned when she woke up—that is, when she came from under the influence of the anæsthetic administered by her attendant surgeon while he ligated the ends of her severed artery—her anæsthesia, according to her testimony, lasting far beyond the usual time, we do not deny. Her statement may have been incredible, but its credibility was a matter for jury decision.

The judgment for appellee must needs be affirmed.

Affirmed.

THOMAS, BOULDIN, and BROWN, JJ., concur.