152 So. 262

## GRIMMETT v. STATE.

### 7 Div. 952.

Court of Appeals of Alabama.

March 28, 1933.

Rehearing Denied June 6, 1933.

Reversed on Mandate Jan. 16, 1934.

J. J. Cockrell, of Talladega, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

RICE, Judge.

A scintilla of evidence going to support the state's contention necessitates reference of issue raised thereby to the jury for decision, at least in first instance. See Norwood Hospital v. Brown, 219 Ala. 445, 122 So. 411.

The above statement of the law disposes of the main question in this case—whether or not appellant was entitled to have the jury given at his request the general affirmative charge to find in his favor.

Manifestly, from only a casual reading of the testimony, there was a scintilla, or more, of evidence pointing to his guilt.

■ Appellant's capable and resourceful counsel argues at great length that he (appellant) should somehow be discharged, because of the disgraceful and criminal conduct of one of the arresting officers in "beating appellant over the head," etc. But it is not within our province to "set one crime off against another."

When the pardoning power is advised of the action mentioned, the "chances are" that power will promptly set appellant free.

As for the court, it, in the discharge of its duty, after thoroughly and carefully examining the record of the trial etc., can find presented no prejudicially erroneous ruling.

And the judgment of conviction must be, and is, affirmed.

Affirmed.

### Opinion after Remandment.

**PER CURIAM.**

 We are unable, from a careful reading of the testimony, and hence unwilling, to say that there was more than the "smallest trace" —"the least particle"—of testimony in this case pointing to the guilt of appellant.

It results that, according to the opinion of the Supreme Court on certiorari, we must hold, as we hereby do, that it was error to refuse to appellant his duly requested written affirmative charge, etc. Code 1923, § 7318.

The judgment of conviction is reversed, and the cause remanded.

Reversed and remanded.