162 So. 552

## LEWIS v. STATE.

### 4 Div. 83.

Court of Appeals of Alabama.
April 16, 1935.

Rehearing Denied June 28, 1935.

J. W. Brassell, of Phenix City, for appellant.

A. A. Carmichael, Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

RICE, Judge.

It is now too well settled to need the citation of authority that, unless an exception to the ruling is shown by the bill of exceptions, the action of the trial court in overruling a defendant's motion for a new trial cannot be reviewed on appeal.

The above fact removes the chief ground for a reversal of the judgment of conviction in this case. It really renders

**516**

unnecessary any discussion of the evidence. For, although we might feel that the conviction of appellant was against the great preponderance of the testimony, still, we could not say there was not a scintilla of evidence supporting the charge against him, hence we are powerless. Norwood Hospital v. Brown, 219 Ala. 445, 122 So. 411.

Appellant's written, requested, and refused charge 1 was properly refused because, as we have intimated, there was a scintilla of evidence going to support the charge against him. Bill Hyde v. State, 230 Ala. 243, 160 So. 237; Norwood Hospital v. Brown, supra.

■ Appellant's written requested charge 5, it seems to us, should have been given to the jury. It was based upon appellant's testimony tending to give his version of the way, in which the deplorable occurrence for which he was convicted took place. A party is entitled to have the jury instructed as to the law governing, based upon his theory, supported by evidence, of the way in which an event happens; and this, whether the evidence supporting his theory is stronger or weaker than that supporting a contrary theory.

For the error in refusing to give to the jury appellant's written requested charge 5, the judgment will be reversed and the cause remanded.

Upon another trial the learned trial judge will doubtless refrain from calling the attention of the jury pointedly to the fact that deceased was a member of "our race" (meaning of course, the Caucasian), the defendant being a negro; and from complimenting (in his oral charge) the husband of deceased for not using personal violence on defendant, and appearing before the jury "willing to let the law take its course."

The judgment is reversed, and the cause remanded.

Reversed and remanded.

### On Rehearing.

PER CURIAM.

The state filed an application for rehearing.

Appellant thereupon asked that a writ of certiorari issue from this court directing the clerk of the lower court to send up the original bill of exceptions. The writ was issued, and, in response to same, the said original bill of exceptions is before us. It is informative.

From the original bill of exceptions, which we now consider, it plainly appears that appellant did reserve an exception to the action of the trial court in overruling his motion to set aside the verdict and judgment and grant to him a new trial.

As the clerk of the circuit court making up the transcript for this appeal is no longer in office, we pass over the inexcusable omission of this patent portion of the said bill of exceptions.

■ We content ourselves by stating that, after a careful re-examination of the evidence in the case, we are clearly of the opinion that there was error, of course prejudicial, in overruling appellant's said motion; not only because of the ruling pointed out in our original opinion, but, among other reasons that could be pointed out, because it must be said of the verdict of the jury that, "after allowing all reasonable presumptions of its correctness, the preponderance of the evidence against the verdict is so decided as to clearly convince the court that it is wrong and unjust." Cobb v. Malone & Collins, 92 Ala. 630, 9 So. 738, 740.

The application for rehearing is overruled.

Opinion extended. Application overruled.