162 So. 319

## LAY v. STATE.

### 4 Div. 64.

Court of Appeals of Alabama.

June 11, 1935.

E. C. Boswell, of Geneva, R. S. Ward, of Hartford, and Lowrey Stone, of Blakely, Ga., for appellant.

A. A. Carmichael, Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

**BRICKEN, Presiding Judge.**

The deceased named in the indictment came to her death as a result of an automobile accident in a head-on collision with a larger car driven by appellant. He was indicted, charged with the offense of murder in the second degree, and upon his trial was convicted of manslaughter in the first degree, his punishment being fixed at imprisonment in the penitentiary for ten years.

Upon the trial of this case in the court below, and in this court upon appeal, there is no insistence that the defendant intentionally killed the deceased; so the principal question involved is whether or not there was sufficient evidence from which the jury could legally find that the defendant was driving his car in a manner to evidence a wanton and reckless disregard of human life at the time and place when the fatal accident occurred.

The deeply deplorable and tragic accident, its heart-rending results, of itself, cannot be made the basis or premise from which the acts of the accused should be determined or his guilt adjudged. That must be ascertained and determined solely from the evidence upon the trial as to the occurrence complained of.

The evidence in this case, as shown by the record, tends to show that shortly after dark, on the day in question, the deceased and three others were traveling in a car at a moderate rate of speed on their way to Hartford, and, at a sharp bend or curve in the highway, the collision occurred which caused the death of deceased, Mrs. Farmer, an elderly lady. The evidence also tends to show that the defendant, with several persons in his car, was traveling the same highway, but was going in an opposite direction, and a short distance from the place of accident passed another car going in the same direction passing said car by going to the left of it, and increased the speed of his car while passing the car in front and crashed into the on-coming car immediately thereafter. It is undisputed that the Chevrolet car in which deceased was riding was traveling at a moderate rate of speed (25 to 30 miles an hour) and that the driver thereof, a woman, saw the approaching car and drove as far to her right as the road would allow in order to avoid a collision. The evidence as to the speed the Hudson car driven by appellant at the time was in conflict. Some of the witnesses testified the car was traveling from 30 miles an hour to 45 miles. Others testified it was traveling 45 to 60 miles an hour; this conflict made a jury question.

Rules of the Road, including traffic violations, etc., Gen. Acts of Alabama, 1927, page 363 et seq., provides, among other things, "it shall be prima facie lawful for the driver of a vehicle to drive the same at a speed not exceeding * * * 8. Forty-five miles an hour under all other conditions," other than those specified in subdivisions 1 to 7 inclusive in said rules set out and prescribed (by section 51 (b) on page 367 of the act, supra.

■ As stated, there is no insistence upon the part of the state that the homicide complained of was the result of the intentional act of the accused, and we think this affirmatively appears, as the defendant did not know the deceased nor any of the occupants in the car with her, and had never seen any of them. The state, therefore, relied for a conviction upon the theory that the defendant at the time was driving his car in a manner as to evidence a wanton and reckless disregard of human life at the time and place of the homicide. This the defendant denied, and while in effect it was admitted at that particular time his car was traveling at a rapid rate of speed, he strenuously insisted and so testified that such speed was not of his volition, and that he did everything possible in his power to retard the speed of his car and avoid the accident, but failed because the accelerator of his car stuck and held fast, and he was unable to loosen it before the accident happened, notwithstanding he did everything in his power to do so. This evidence was without dispute, and, if true, the judgment of conviction as pronounced and entered should not obtain. A crime may be committed without malice, but never without intent. So, if this appellant was at the time hopelessly and totally unable to lessen the speed of his car by virtue of the fastened or caught accelerator, and as stated by him was doing everything in his power and using every effort to do so, this undisputed fact would necessarily have the tendency to refute and to overcome the insistence that the manner in which his car was traveling was the result

of his own intention. This, of course, was a question for the jury to determine, and the accused, being aware of this, offered and undertook to prove as corroborative of his own testimony, and by witnesses who knew the Hudson car well, and were thoroughly familiar with the fact that very recently before the accident the accelerator of this car was prone to getting stuck, and that the accused, the owner of the car, had undertaken to have competent expert automobile mechanics to fix the accelerator, etc., but upon objection by the state the court refused to let him do so. Defendant duly reserved exceptions. These rulings were error to a reversal, for if this testimony had gone to the jury it may have tended to dissipate the insistence that the acts complained of in the indictment were the result of the intention of the accused.

■■■ Under the material issues, in this cause, we see no reason why defendant's charge numbered 3 should have been refused. Goodman v. State, 15 Ala. App. 161, 72 So. 687; Crisp v. State, 21 Ala. App. 449, 109 So. 282.

In Reynolds v. State, 154 Ala. 14, 45 So. 894, 895, the Supreme Court defined manslaughter in the first degree as follows: "To constitute manslaughter in the first degree, there must be either a positive intention to kill, or an act of violence from which, ordinarily, in the usual course of events, death or great bodily harm may result."

The foregoing rule obtains in this case; thus, before a conviction for manslaughter in the first degree should be permitted to stand, the evidence should show beyond all reasonable doubt and to a moral certainty that the defendant (appellant) had a positive intention to kill; and, as stated, this is not insisted upon; or, that he intentionally committed an act of violence from which, ordinarily, in the usual course of events, death of the deceased resulted.

In Rector v. State, 11 Ala. App. 333, 66 So. 857, .862, this court (through Brown, J.) said: "Although he may not have intended to kill the deceased, if he intentionally committed upon him an assault which in its nature was calculated to produce death and as a result thereof death ensued, he would be .guilty of manslaughter in the first degree." See, also, McGee v. State, 4 Ala. App. 54, 58 So. 1008.

The charge requested and refused is predicated .upon the intentional assault, or the intentional application of an evil force which must be proven, in the absence of proof of an intentional homicide, in order for a conviction of manslaughter in the first degree to be sustained.

■ Other points of decision are presented upon this appeal, but need not be discussed or adverted to, as the controlling question on this appeal has hereinabove been discussed and decided. However, we are of the opinion that the exception was well taken to the argument of the solicitor wherein by said argument the testimony of several of the state's witnesses was bolstered up and special stress given thereto because of the alleged fact that said witnesses "had faced cannons and machine guns of an enemy." In the first place, no such evidence had been adduced upon the trial of this case, and, moreover, if such evidence had been introduced, it could not serve the purpose contended for by the solicitor in his argument; and such matters would not warrant the court or jury in giving more and undue weight or credence to their testimony. The court should have promptly so ruled, and erred in refusing to do so.

From the foregoing, as well as from other rulings of the court as shown by the record, we are of the opinion the appellant was not accorded the fair and impartial trial the fundamental law of this state guarantees to all persons charged with the commission of crime.

The judgment of conviction from which this appeal was taken is reversed, and the cause remanded.

Reversed and remanded.