167 So. 608

**LEWIS v. STATE.**

**4 Div. 213.**

Court of Appeals of Alabama.

April 14, 1936.

Raymond Murphy, of Florence, for appellant.

A. A. Carmichael, Atty. Gen., and Wm. H. Loeb, Asst. Atty. Gen., for the State.

J. W. Brassell, of Phenix City, for appellant.

A. A. Carmichael, Atty. Gen., for the State.

Brief did not reach the Reporter.

BRICKEN, Presiding Judge.

This prosecution grew out of a deplorable tragedy wherein the life of an estimable woman was lost by having been struck by an automobile driven by this appellant.

This is the second appeal in this case. 26 Ala.App. 515, 162 So. 552.

We find upon investigation that evidence upon the former trial was practically the same as that adduced upon the second trial from the judgment of which this appeal was taken. This is substantially true also as to the points of decision involved. On the former appeal this court held that the evidence afforded merely a scintilla of the guilt of the defendant, and that his conviction was against the great preponderance of the testimony, and for this reason only declined to put the court to error for refusing the defendant's general affirmative charge. The foregoing conclusion of this court upon this point was inadvertent and erroneous in view of the decision of the Supreme Court in the case of Ex parte Grimmett, 228 Ala. 1, 152 So. 263, in which case the court said:

"The Court of Appeals [Grimmett v. State, 26 Ala.App. 56, 152 So. 262], in the opinion brought under review, by the petition for the writ of certiorari, applying the rule which obtains in civil cases in this jurisdiction, holds that: 'A scintilla of evidence, going to support the state's contention, necessitates reference of issue raised thereby to the jury for decision, at least in first instance'—citing in support of this holding Norwood Hospital v. Brown, 219 Ala. 445, 122 So. 411.

"After an examination of the authorities, we have been unable to find any decision of this or any other court of last resort that has invoked the 'scintilla rule' to uphold a criminal prosecution.

"The general rule, to which there are some exceptions, is that, on the trial of the issue in civil cases, the parties enter upon the trial, unaided by any presumptions, with the burden on the party asserting the affirmative of the issue, but in criminal prosecutions, where the plea of not guilty is interposed, the defendant goes to trial attended by the presumption of innocence, which, under the uniform holdings of this court, is a matter of evidence which attends him through the trial."

■ The scintilla rule has no application in a criminal case. It may be applied only in a civil proceeding. McKee v. State, 26 Ala.App. 589, 164 So. 305; Grimmett v. State, 26 Ala.App. 56, 152 So. 262; Ex parte Grimmett, 228 Ala. 1, 152 So. 263. In McKee's Case, supra, this court said:

"The scintilla rule has no application in a criminal prosecution, where the accused enters upon his trial clothed with the presumption of innocence. Such presumption is evidentiary in its nature and by which the accused is accompanied throughout the trial, or until such period thereof, where his guilt is established by the evidence beyond a reasonable doubt and to a moral certainty. Which means, in effect, there must be substantial legal evidence to prove all the elements of the offense charged. Ex parte Grimmett, 228 Ala. 1, 152 So. 263. Randolph v. State, 100 Ala. 139, 14 So. 792."

This court having determined and declared that from all the evidence in the case on the former appeal a mere scintilla of evidence going to support the charge against the defendant was afforded should have held, as we now do, the same conclusion having been reached, that the court committed error in refusing to defendant the general affirmative charge requested by him in writing.

The indictment in this case charged the defendant with the offense of manslaughter in the first degree. He was convicted as charged.

■ Under circumstances similar to those here charged, the law is, to constitute manslaughter in the first degree, there must be either a positive intention upon the part of the accused to kill the deceased, or an intentional act of violence from which, ordinarily, in the usual course of events, the death of the deceased resulted.

■ In the instant case there is no insistence upon the part of the state that the homicide complained of was the result of the intentional act of the accused, and we think this affirmatively appears, as the defendant did not know the deceased, and so far as the record shows had never seen or heard of her before the fatal accident. This fact is further evidenced by the testimony

of state witness O. O. Gay, the chief of police, who testified defendant stated to him: He (defendant) told me "he was driving along the best he could and all of a sudden a car appeared in front of him, he says: 'I just wheeled my car to the right to try to miss it,' and he said he was right up on it before he seen it. He said: 'I wouldn't have killed the lady for anything.'" A similar expression was testified to by the defendant when on the witness stand as to his spontaneous exclamation at the time of the accident. The foregoing being without controversy, the single remaining material inquiry is, Was the accused, at the time complained of, intentionally committing an act by driving his car in such manner as to evidence a wanton and reckless disregard of human life? We are of the opinion there is no evidence in this case tending to sustain an insistence of this character. The facts adduced upon the trial clearly refute such a proposition. The testimony shows that the defendant was driving his car, in which there were five other persons, on the right-hand side of the road, as the law requires, and at a moderate and reasonable rate of speed. These parties were en route from their respective homes on their way to their work at the Eagle Phenix Mills. The occurrence took place at or about daylight on the morning in question, and as shown by the undisputed testimony appellant was traveling north on the Seale Highway leading into Phenix City, and as he approached the city near the scene of the accident, an automobile, later ascertained to be the car of a Mr. Nevels, husband of the deceased, was traveling south on the same highway and with lights burning, said car began pulling from the right-hand side to the left-hand side of the road and stopped on the wrong (or left hand) side of the road for the purpose of picking up his (Nevels) wife (deceased). The appellant was in close proximity when Nevels stopped his car on the wrong side of the road, and in order to avoid a head-on collision wheeled his car quickly to the right, and in so doing struck the deceased who was on the ground on that side of her husband's car. It is without dispute that the defendant and other occupants of his car did not see the deceased or know that she was standing there until the car struck her. After the impact, incident to the accident, the defendant stopped his car in a short distance and immediately went to the officers and gave himself up and made the statement to the chief of police hereinabove quoted. Other occupants of

defendant's car returned to where the injured lady was struck. She was placed in her husband's car and driven at once to the hospital where she expired some time afterwards.

In the case of Lay v. State, 26 Ala.App. 458, 162 So. 319, this court said, and the expression here quoted is applicable to the case at bar notwithstanding there is a differentiation in the evidence: "The deeply deplorable and tragic accident, its heart-rending results, of itself, cannot be made the basis or premise from which the acts of the accused should be determined or his guilt adjudged. That must be ascertained and determined solely from the evidence upon the trial as to the occurrence complained of."

Rules of the road, including traffic violations, etc., Gen.Acts of Alabama 1927, p. 363 et seq., provide in section 55 thereof (page 370) that "upon all highways * * * the driver of a vehicle shall drive the same upon the right half of the highway," etc. There is no exception to this statute which permits a person to drive on the left side of the highway in order to pick up his family, and the argument of the associate prosecuting attorney, as well as the emphatic statement of the court to the contrary, were erroneous, hurtful, and prejudicial. J. C. Byram & Co. v. Livingston, 225 Ala. 442, 143 So. 461; Buffalo Rock Co. v. Davis, 228 Ala. 603, 606, 154 So. 556; Holt v. State, 26 Ala.App. 223, 157 So. 449.

Had the positions or location of the Nevels car and that of the defendant on the highway been reversed, a very different question would have been presented in this case. Here, the evidence without dispute showed conclusively that the Nevels car was on the wrong side of the road, and that the car driven by the defendant was on the proper and legal side. It is apparent that no tragedy would have occurred on the occasion complained of if the strict and mandatory law above quoted had been observed and obeyed.

In this case, on appeal, there are other innumerable insistences of error, but from what has been said there is no necessity to discuss the other propositions.

The court erred to a reversal in refusing to defendant the requested affirmative charge; and likewise committed error in overruling defendant's motion for a new trial.

Reversed and remanded.