197 So. 62

## WILLIS v. STATE.

### 8 Div. 828.

Court of Appeals of Alabama.

March 26, 1940.

Rehearing Denied May 14, 1940.

366

Bradshaw & Barnett, of Florence, and Wm. Stell, of Russellville, for appellant.

Thos. S. Lawson, Atty. Gen., and Noble J. Russell, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

The indictment in this case originally contained four counts. Before entering upon the trial the second count was nol prossed by the court upon motion of the Solicitor. It is clearly evident that the conviction of this appellant was under count 1 of the indictment which reads as follows: "The Grand Jury of said County charges that before the finding of this indictment Ed Willis, whose name is to the Grand Jury otherwise unknown, unlawfully and intentionally but without malice, killed Linnie Olen Grissom, whose name is to Grand Jury otherwise unknown, by driving an automobile, against or over him."

The jury returned the following verdict: "We the jury find the defendant guilty of manslaughter in the first degree and fix his punishment at imprisonment in the State penitentiary for six years." The trial court thereupon sentenced the defendant in accordance with the verdict of the

jury. From the judgment of conviction pronounced and entered this appeal was taken.

Upon the trial of the case in the court below the State offered evidence tending to show that on or about June 12, 1937, Linnie Olen Grissom, the deceased named in said indictment, Elston Hester, and Zollie Hester were employees of Franklin County, Alabama, and at that time were engaged in sprinkling with water the top surface of a public highway of said county, known as the "Russellville-Molton Road." At this time the said Linnie Olen Grissom and Elston Hester were, each, the driver of a water truck for said county. On this day two water trucks of said county were parked, or at a standstill, at a point in said highway near what is known as the "Sloss Company's Dam." The red truck which was being driven by Elston Hester and which had been filled with water, was headed westward toward Russellville and the green truck, which was being driven by the deceased, was to the rear of said red truck and headed in the same direction, and was then being filled with water. The distance between the two trucks was about the length of one of them. As these trucks stood in the highway at or near said point the left hand wheels thereof were in the highway and the right hand wheels thereof were off of the highway.

Zollie Hester was the operator of the water pump by which said water trucks were filled at this time and place.

The State's testimony further tended to show that about a little after 4 o'clock, P. M. on June 12, 1937, Ed Willis, the defendant named in said indictment, while driving his automobile along said highway, passing the above two water trucks, and traveling at a rate of speed testified to by some of the State's witnesses as being not less than 50 miles per hour, and along that portion of said highway, which was to the driver's left hand side thereof as testified to by one or more of said witnesses, struck said Linnie Olen Grissom, killing him.

The State's testimony also tended to show that the defendant did not, immediately after striking the deceased, stop his automobile at the scene of the accident, and did not give his name, address and the registration license of said automobile, and did not render to the injured person reasonable assistance.

The third count of the indictment charged that the said Ed Willis, defendant, did not immediately stop said automobile at the scene of the accident, and the fourth count of said indictment charges that the said defendant failed to stop said automobile at the scene of the accident and give his name, address, and registration license of said automobile, and failed to render to the injured person reasonable assistance.

The State offered the testimony of a city police officer, who arrested the defendant, tending to show that at the time of the arrest, an hour or more after the accident, said police officer smelled intoxicating liquor upon the breath of the defendant, and that the defendant was then under the influence of intoxicating liquor.

The testimony for the defendant tended to show that while the defendant was driving his said automobile along said highway, at said time and place, and at a speed of from 25 to 30 miles per hour, Linnie Olen Grissom, the deceased, ran suddenly from behind the green water truck parked on the side of said highway, coming immediately in front of defendant's said automobile, and was thereby struck and killed, and that while defendant did not stop at the scene of the accident, he slowed his car down to about 5 miles an hour when he was told to "go on," to "get away" by one or more of the other occupants of said car, who were riding with him, and that he proceeded to the top of the hill, where he stopped.

The evidence for the defendant proved without dispute that he was a man of good character and that he was neither drunk, nor under the influence of intoxicating liquor at the time of the tragedy.

Upon the trial of the case in the court below the jury returned a verdict into court finding the defendant guilty of manslaughter in the first degree and fixing his punishment at imprisonment in the State penitentiary for six years. In accordance with the verdict of the jury the judgment of the trial court was pronounced against the defendant adjudging him guilty of manslaughter in the first degree, upon which he was sentenced by said court to imprisonment in the penitentiary of Alabama for a period of six years as punishment for said offense.

Upon the trial of the case in the court below the defendant's plea to each

368

count of the indictment was not guilty, which, of course, placed upon the State the burden of proving beyond a reasonable doubt that the defendant was guilty of one, some, or all of the offenses charged in the indictment.

Before the jury retired the defendant requested the trial court, in writing, to give to the jury the following written charge: "A-1. I charge you, Gentlemen, if you believe the evidence you cannot convict the defendant under Count 1 of the indictment."

Count 1 of the indictment hereinabove set out charged that the defendant committed manslaughter in the first degree.

Every criminal case must be tried according to the rules of law as they exist, and these rules should be uniformly applied and not misconstrued or misapplied to meet a certain state of facts. Lay v. State, 26 Ala.App. 458, 162 So. 319. The controlling question in all criminal prosecutions is the guilt or innocence of the person accused of the crime for the commission of which he is being prosecuted. However guilty the defendant may appear to be, he is nevertheless entitled to a fair and impartial trial, and before a judgment of conviction can be permitted to stand, upon appeal, it must affirmatively appear that the trial below proceeded throughout without prejudicial and substantial error. Taylor v. State, 22 Ala.App. 428, 116 So. 415.

Under Section 4460 of the Code 1923, manslaughter by voluntarily depriving a human being of life is manslaughter in the first degree.

■ If the evidence in a criminal prosecution tends to show that a homicide resulted from an intentional act, or from a negligent act so wantonly and recklessly committed as to show a disregard of human life at the time and place and under the circumstances of the homicide, this, of course, would be evidence tending to show the commission of voluntary manslaughter, or manslaughter in the first degree.

In the case at bar there is no evidence tending to show that the defendant even knew the deceased prior to the accident. There is no evidence that shows or tends to show that the defendant intentionally ran his automobile, or drove same, against or over the deceased. The State, upon this appeal, does not insist that the defendant intentionally drove his automobile against or over the deceased, but the State does insist that the defendant killed the deceased while driving his automobile "in a wanton and reckless manner with a disregard for human life," and this upon the theory that if the defendant acted wantonly in the matter of the death of the deceased, then he acted intentionally in that deplorable tragedy.

■ To constitute wanton negligence, there must be a design, purpose, or intent to do wrong, or reckless indifference to, or disregard of the natural, or probable consequence of the act done.

In the case of Central of Ga. Ry. Co. v. Chambers, 183 Ala. 155, 170, 62 So. 724, 728, our Supreme Court (through Mr. Justice Sayre) said: "A failure to take precaution against a mere possibility, or even a probability, that persons would put themselves in a position which would be rendered dangerous by a movement of the train, in the absence of knowledge that some such condition then actually existed, cannot be tortured into anything more offensive to law or morals than simple negligence."

Again, in our case of Barnett v. State, 27 Ala.App. 277, 171 So. 293, 294, a case which involved a charge of homicide by driving an automobile, upon or against a person, this court said: "The rule as laid down by our Supreme Court in civil cases is that the act done must be done with the consciousness that injury will probably result, in order to constitute wanton negligence, and such knowledge cannot be implied, from knowledge of the dangerous situation, but there must be a design to do a wrong, or a reckless indifference or disregard of the natural consequences of the act done. Merrill v. Sheffield Co., 169 Ala. 242, 53 So. 219; Brown v. St. Louis & S. F. R. Co., 171 Ala. 310, 55 So. 107. Again it is said: 'Wanton injury must be predicated upon actual knowledge of another's peril, and a failure to take available preventive action, knowing that such failure will probably result in injury.' Copeland v. Central of Georgia R. Co., 213 Ala. 620, 105 So. 809, 810."

■ There is a total lack of any testimony in this record that shows, or tends to show, that at the time the defendant was driving his automobile along the highway at the designated time and place, that he knew that any persons loading the trucks with water or driving the truck, or anyone else, would then and there put

themselves in a position which would be rendered dangerous by defendant's operation of his automobile, or that they would probably do so, and in the absence of such knowledge then even if though the defendant was running his automobile at 50 miles per hour, and even though he may have driven to the left of the centre of the road, his so driving could not be construed into anything more offensive than simple negligence. And simple negligence, it must be admitted, is not sufficient to sustain a charge of manslaughter in the first degree.

This court also said in the Barnett case, supra, "The facts necessary to prove such recklessness in the driving of an automobile so as to supply the intent, without which there can be no manslaughter in the first degree, must be proven by the evidence beyond a reasonable doubt. Curlette v. State, 25 Ala.App. 179, 142 So. 775."

The entire evidence in this case fails to show either directly or inferentially that the deceased came to his death other than by his coming suddenly into the highway, immediately in front of the defendant's automobile as it moved along the highway, and at a time and under conditions that show it was absolutely impossible for the striking of the deceased to have been avoided by the defendant. There is no evidence in the entire record to justify or warrant the jury in finding the defendant guilty of such wanton and reckless driving of his automobile, at the time and place the deceased was struck, as would constitute manslaughter in the first degree. For this reason it is apparent that the trial court erred in refusing to charge the jury that if they believed the evidence they could not convict the defendant under count 1 of the indictment, as the defendant in writing requested the trial court to do.

In the brief filed by the Attorney General for appellee in this case, it is said in effect that whether or not a person is guilty of manslaughter in the first degree, by running against and killing another while driving an automobile in a wanton and reckless manner with disregard for human life, becomes a question solely for the jury. This would be true if the facts and circumstances of the case were such as to show that the driver of the automobile at the time of the alleged reckless and wanton driving of the automobile knew that some person would probably be injured as the result of such wantonness

and recklessness. Actual or probable damages to some person must have existed as a matter of knowledge and present consciousness, or that which in law is the equivalent thereof, upon the part of the driver to constitute reckless and wanton negligence in the driving of the automobile. Curlette v. State, 25 Ala.App. 179, 142 So. 775.

This differentiates the case at bar from the cases of Reynolds v. State, 24 Ala. App. 249, 134 So. 815; Gore v. State, 22 Ala.App. 136, 114 So. 791, cited in brief by the Attorney General in behalf of the State.

In this connection it is insisted in the brief in behalf of the State: "If a jury in such a case returns a verdict of first degree manslaughter this Honorable Court is powerless to disturb the verdict if there is a scintilla of evidence to support the charge. Lewis v. State, 26 Ala.App. 515, (162 So. 552)."

It is true this court applied the scintilla rule in the case cited in brief, but later in the case of Lewis v. State, 27 Ala. App. 155, 167 So. 608, this court held that its prior conclusion with respect to a scintilla of evidence was inadvertent and erroneous in view of the decision of the Supreme Court in the case of Ex parte Grimmett, 228 Ala. 1, 152 So. 263. The rule that obtains in this State is that the scintilla rule has no application in a criminal case. It is applicable in civil proceedings alone.

We have hereinabove stated the rule of wantonness and recklessness as applied to civil action, in which the degree of proof is a preponderance of the evidence. In a criminal case the proof of the acts constituting willful and wanton negligence must be beyond a reasonable doubt and to the exclusion of every other reasonable hypothesis than that of the defendant's guilt.

Measured by the foregoing rule we hold that there was an entire absence and want of such evidence as would authorize a jury to conclude that the defendant (appellant) was guilty of intentionally running his automobile against deceased, or that he was guilty of such recklessness and wantonness as to be equivalent thereto.

The defendant made a motion for a new trial, among other grounds, that the evidence in this case was not sufficient to

**370**

authorize a conviction of manslaughter in the first degree. The trial court overruled said motion and in so doing committed error to a reversal for the reasons hereinabove stated.

The defendant, upon the trial of the case, objected to certain portions of the argument made by the Solicitor. It is unnecessary to now consider and discuss these questions for the reason they are not likely to arise upon another trial of this case. It may not be inappropriate to say that these questions have been recently considered by this court, or rather, the law that relates to these questions, in the case of Henry Gallman v. State, ante, p. 264, 195 So. 768.

For the reasons hereinabove expressed, it is the opinion and judgment of this court that the judgment of conviction from which this appeal was taken must be reversed. It is so ordered, and the cause is remanded for further proceedings not inconsistent with the rules herein announced.

Reversed and remanded.

SIMPSON, J., not sitting (having been of counsel).

*On Rehearing.*

BRICKEN, Presiding Judge.

The order and judgment of this court, reversing and remanding this case, was predicated upon the exception to the action of the trial court in overruling defendant's motion for a new trial. We adhere to said order and judgment as being correct and proper under the facts of this case.

■ Our attention is called to our ruling wherein, in our original opinion, we put the court to error also for refusing to defendant the general affirmative charge as to count 1 of the indictment, it being insisted in this connection that the charge was properly refused for the reason the charge of manslaughter in the first degree also charges the lesser offense of manslaughter in the second degree. This insistence is well taken, and the ruling heretofore made, supra, was inadvertent, necessitating a modification and correction which we now do. The opinion is corrected as we now hold there was no error in refusing said charge for the reasons stated.

Opinion corrected. Application for rehearing overruled.