**Fay DAVIS, Appellee,**

v.

**Nathan SAMS, Individually and d/b/a Sams Flying Service, Appellant.**

**No. 47094.**

Supreme Court of Oklahoma.

Nov. 12, 1975.

Bruce W. Gambill, Pawhuska for appellee,

Burton J. Johnson, Oklahoma City for appellant.

HODGES, Vice Chief Justice.

■ This is an appeal by Nathan Sams, Individually and d/b/a Sams Flying Service (Sams) from the refusal of the trial court to grant a mistrial and denial of a motion for new trial. Sams urges four allegations of error on appeal. Two of the allegations of error were not raised in the motion for new trial, and therefore, will not be considered on appeal. We held in *Poteete v. MFA Insurance Co.*, 527 P.2d 18, 22 (Okl. 1974):

"Although a motion for new trial is no longer a condition precedent to the perfecting of an appeal, if a motion for new trial is filed, and a new trial is denied, the movant may not, on appeal, raise allegations of error which were available to him at the time of filing of his motion for new trial, but were not therein asserted." 12 O.S.1971 § 991(b).

The third allegation of error is dispositive of the appeal. This assertion of error

is the misconduct of one attorney who represented Fay Davis, appellee. This assertion of error arose as the result of the refusal of Sams' attorney (Johnson) to shake hands with one of appellee's counsel (Brewer) after a volatile exchange during argument on a demurrer to the evidence. It is uncontroverted that after the argument the court ordered a recess, and the two attorneys proceeded to the lobby of the court house. There, Brewer attempted to shake hands with Johnson and commended him for being "the best witness that I have had all afternoon. You have brought out things that I could never have brought out, you just did me the best job that I have had done." Johnson refused to shake hands. There is some dispute as to whether Johnson offered to engage in fisticuffs with Brewer. Although Johnson left, there is no dispute that Brewer used abusive language and made derogatory remarks concerning Johnson's ancestry.

Co-counsel for appellee (Gambill) and Johnson jointly moved for a mistrial. Johnson alleged the misconduct occurred in the presence of the jury and was prejudicial to his client. It was admitted by Gambill that a "rhubarb" occurred along the lines indicated by Johnson and "if we want to try a lawsuit I think it should be submitted to a jury without this particular type of problem hovering on the outside of it." There was no dispute between the parties at the motion for new trial that several jurors were sitting within hearing distance of the altercation between the attorneys. It was also agreed that the matter could be retried in two hours.

The trial court refused to grant the joint motion for mistrial or to grant a motion for new trial.

■ A ʻmotion for new trial upon the ground of improper conduct of counsel is addressed to the sound legal discretion of the trial court. This discretion is to be exercised in accordance with the bounds of reason and recognized principles of law. Unless it appears that the trial court erred in some pure, simple question of law or acted arbitrarily, its judgment will not be disturbed on appeal. *Fitts v. Standard Life & Accident Ins. Co.,* 522 P.2d 1040 (Okl.1974); *Poteete v. MFA Ins. Co.,* supra; *Watson v. Sahnbour,* 441 P.2d 363 (Okl.1968); *Klein v. State Farm Mut. Auto. Ins. Co.,* 19 Wis.2d 507, 120 N.W.2d 885, 15 A.L.R.3d 1138 (1963).

■ The parties have a right, of which they may not be lawfully deprived, to have the facts of the case determined by a jury upon which the possibility of undue influence has not been exerted. *Garvin v. Harrell,* 27 Okl. 373, 113 P. 186 (1910).

■ Where an attorney attacks opposing counsel in the presence of the jury, it constitutes grounds for a new trial if it appears that prejudice may have resulted. The test in a matter of this sort is not necessarily that the misconduct complained of had a prejudicial effect upon the jury, but that it might have done so. *Taylor v. State,* 22 Ala.App. 428, 116 So. 415, 416 (1928).

■ Any misconduct which might influence the jury is sufficient to require a mistrial or to grant a motion for new trial. *Barnhart v. International Harvester Co.,* 441 P.2d 1000, 1005, (Okl.1968).

This court in *Barnhart v. International Harvester Co.,* p. 1005, supra, cited with approval *Welch v. Taverner,* 78 Iowa 207, 42 N.W. 650 (1889):

"Jurors must be kept free from all possible influences. When exposed thereto it will not do to inquire into the probability as to the extent of these influences and their effect upon the verdict. There is no safety except in setting aside the verdict in a case where acts and conversations are shown which could have influenced the jury."

■ Jurors must be shielded from possible influence from the outside to prevent obstruction of the due administration of justice. We find that the conduct in the

case before us was capable of prejudicing the rights of appellant, and that it was an abuse of discretion to deny a mistrial, especially when it was urged by both parties, and to deny the motion for new trial.

Reversed.

All Justices concur.